*658 OPINION OF THE COURT
Arthur S. Hirsch, J.
Plaintiff David Messina was hired by defendant Lufthansa German Airlines on September 22, 1975. Pursuant to a written employment agreement between the employer and the International Association of Machinists and Aerospace Workers (IAM), he would remain a temporary employee for the first 60 days of his employment and, as a probationary employee, he was subject to dismissal without cause. The agreement provided that the probationary period could be extended for an additional 30 days on written notice to the employee and the IAM from Lufthansa 10 days before the expiration of the first 60 days of employment. November 20, 1975 was the plaintiff’s 60th day. On November 11, defendant Lufthansa gave notice of its intention to extend the probationary period "until December 20.” On December 18, 1975, after 86 days of employment, Messina was discharged. Defendant Lufthansa took the position that plaintiff had been timely notified of the extension of his probation and he was therefore not entitled to a hearing before a systems board of adjustment to establish the cause of his termination, a hearing to which tenured employees are entitled under the rules of the collective bargaining agreement.
Plaintiff initiated an action on January 19, 1976 for reinstatement, recovery of lost wages and for an order directing the union to demand a hearing to determine the propriety of his discharge. Plaintiff then moved for a declaratory judgment, where the salient issues before the court were whether a notice of extension was served on November 11, 1975 and whether this service was timely. The Honorable Mr. Justice Beckinella determined that plaintiff was served one day late and, accordingly, the probationary period had not been extended. As a result, Messina was a nonprobationary employee at the time of the termination of employment, entitled to grieve his discharge. The case was then brought before this court, when the parties entered into a stipulation to be submitted and so ordered by the court with plaintiff retaining the right to enter a judgment while giving defendant Lufthansa the right to perfect an appeal, which they did.
By this stipulation, the parties agreed to provide (a) for a money judgment in the amount of $23,500 and (b) for a judgment ordering Lufthansa to rehire Messina at the current rate of compensation and directing the union to submit all *659 grievances to the board pursuant to the collective bargaining agreement. A judgment dated November 4, 1977 was entered on the stipulation.
The Appellate Division affirmed Justice Beckinella’s determination (64 AD2d 890). That court’s decision was affirmed May 3, 1979 by the Court of Appeals. (47 NY2d 111.) Respondent’s motion to reargue was denied on July 9, 1979. (47 NY2d 1012.) A few days later, defendant Lufthansa’s attorney discussed the reinstatement of Messina with plaintiff’s attorney and on July 25, 1979 counsel for Lufthansa notified plaintiff that his reinstatement would take place the next day. Messina was to report to work at JFK Airport at 9:00 a.m. on July 26, 1979.
Messina did not appear for work on the 26th, claiming that one day notification of reinstatement was unreasonable. On that same day, plaintiff made a motion to the court requesting it to act on the remittitur by settling a date for Messina’s reinstatement. Additional relief in the form of a computation of back wages from October 17, 1977, the date of the execution of the stipulation and for an order directing the union to represent Messina in grievance proceedings was also demanded.
While a motion was pending, Messina received a second and third notification to return to work or be discharged, which he again ignored. Lufthansa, on August 22, 1979, terminated his employment. Plaintiff immediately contacted the union, directing it to grieve his second discharge for failure to report to work. Acting on Messina’s instructions, IAM set the grieving procedures in motion and the systems board convened on November 6, 1979 for a hearing. The court, which was apprised of these events, adjourned the motion before it until the board made its determination.
On November 6, 1979, plaintiff, who had himself demanded the hearing, now took the position that the same matter was pending in the courts and it would be most improper for the board to make any determination. The board remanded the case to the court on grounds that a legal question was involved which could not be answered by the board. Defendant Lufthansa, thereafter, in communication with the board, urged that body to rescind its decision to refer to a court of law on grounds that the systems board was under an absolute obligation to hear and determine plaintiff’s grievance of improper discharge pursuant to the Railway Labor Act (US *660 Code, tit 45, § 151 et seq.). Under this law, which governs labor relations of air carriers, provision has been made for settling of disputes before boards of adjustment which may be established by agreements between employees and carriers (US Code, tit 45, § 184). Defendants Lufthansa and IAM, acting for the company’s employees, had entered into a collective bargaining agreement establishing a systems board of adjustment, which becomes the sole and exclusive forum for the determination of grievances, including improper discharge.
IAM’s legal position on this point was not in accord with Messina’s but was similar to that of Lufthansa, that the collective bargaining agreement, pursuant to the Railway Labor Act, precluded any procedure other than that which provided for a hearing before the systems board of adjustment. For this reason, the union, too, asked the board to reconsider and reconvene.
This court is in agreement that a court of law is not empowered to usurp the jurisdiction of the board (Sanchez v Eastern Airlines, 574 F2d 29). Plaintiff’s proper recourse on the question of his dismissal was to grieve his discharge before the systems board.
When the systems board became cognizant of their error, they correctly informed the parties that they would reconvene to make a determination. Plaintiff asserts that he ordered the union on his behalf to desist and withdraw its request for the board to reconvene. The union responded by informing Messina that if his grievance was withdrawn he would be time barred from a further filing on this same issue. Withdrawal would then act as an abandonment of his claim before the board, which has sole jurisdiction over these matters. Nevertheless, Messina persisted in his demand to withdraw and, failing that, in his refusal to appear or have his counsel argue his case before the board.
Plaintiff contends that he is not precluded from avoiding the systems board by seeking relief in the courts. Relying on a United States Court of Appeals case, Schum v South Buffalo Ry. Co. (496 F2d 328), plaintiff argues his case is an exception to the exhaustion-of-remedies requirement because the union allegedly breached its duty of fair representation in processing his claim. In the Schum case, the plaintiff had properly requested union aid to protest his alleged wrongful discharge. After completing the first step of the grievance procedure, the *661 union made no further effort to continue with the procedure and, as a result of their lack of diligence and negligence, plaintiff’s time to appeal his discharge before the National Railroad Adjustment Board lapsed. The court found that under those circumstances, a plaintiff who has not been able to obtain a hearing before a board of adjustment may sue the employer and the union as well for its refusal to fairly represent the plaintiff’s interests.
In the case before the bar, plaintiff’s claim of unfair representation in the processing of his claim for improper discharge on August 22, 1979 is unfounded. At an earlier time in the dispute between Lufthansa and plaintiff, there was a question of whether plaintiff had been provided with authorized representative counsel by IAM. It was for this reason that IAM was named as a defendant in the action. The union participated in all steps of the grievance proceeding of the August 22, 1979 discharge and, although their position on the question of jurisdiction of the systems board vis-á-vis that of the court, in grievance matters, was different from Messina’s counsel’s, that was purely a legal interpretation question. It cannot be said that the union lacked diligence in their representation of plaintiff nor that they presented his claim with little interest or care. Plaintiff does not come under the Schum exception to the rule case.
As it turns out, the union counsel’s advice to Messina to appear at the board hearings was the better advice. The systems board, as was required, made a determination and found that respondent Lufthansa’s discharge of petitioner Messina, effective August 22, 1979, was justified. The parties and this court are bound by the decision of the board.
In passing, the court, while acknowledging that it had no jurisdiction in the matter, believes the finding of the board to be reasonable and just. The court is of the opinion that a time had been reached for the parties to seek an end to a labor controversy which had been going on for over four years. Plaintiff apparently was determined to keep the matter on the fire, not to allow the dispute to come to a reasonable demise. His decision to go the route of seeking technicalities to retain his unemployed status was ill-conceived and served him poorly.
Plaintiff’s application for the court to set a date for reinstatement is moot in light of what has resulted. In regard to the additional relief requested in his petition for wages *662 allegedly due to plaintiff subsequent to October 18, 1977, the date of the stipulation, until the date of his second legally determined discharge, namely August 22, 1979, the court is of the opinion that there is merit to his request. It is to be noted that defendant Lufthansa has complied with its stipulation and has paid to petitioner the sum of $23,500, plus interest, covering the period from his first discharge to the date of the stipulation in 1977.
Defendant Lufthansa asserts that plaintiff was denied the relief of compensation from October, 1977 when the Court of Appeals denied plaintiff’s motion to amend the remittitur. The decision of the Court of Appeals merely denied the motion without more and it therefore cannot be ascertained whether the court’s decision was based on the merit of any or all of the requests for relief or because the court believed it was inappropriate to make a determination at that point when relative ongoing legal procedures in the matter were pending in the court below and a labor grievance was still unheard by a systems board set up pursuant to a collective bargaining agreement.
The stipulation of October 18, 1977, entered into by the parties, in effect provides that unless the determination of the lower court is overruled, the petitioner is a nonprobationary employee and should be reinstated so he may proceed on his rights for a hearing to determine the propriety of his first discharge. Lufthansa could have reinstated him in October, 1977 and still proceeded with their appeal. They chose not to do so and only after two more years had passed did they decide the time had come to reinstate Messina. It was an expensive gamble.
On the other hand, if Messina was capable of working, as he claimed, all reason would point to an attempt to mitigate damages by seeking another job. The court has been apprised of no plausible excuses for Messina to have sat back and simply enjoyed his unemployed state. It may well be that unless he can show compelling circumstances that prevented his getting a job, he may be eligible for no compensation whatsoever. Plaintiff is entitled to be heard on this issue. The case is set down for a hearing at Trial Term, Part I, of this court on April 28, 1980 on the following questions:
1. What wages would plaintiff have received from defendant Lufthansa during the period October 17, 1977 to August 22, *663 1979 if he had been reinstated in accordance with the stipulation?
2. Did plaintiff have another position or positions during the period October 17, 1977 to August 22, 1979, and if so, what income did he receive?
3. If plaintiff was not employed during the afore-mentioned period, what, if anything, did he do to seek other employment so as to mitigate damages?
4. If plaintiff did nothing to mitigate damages, has he shown compelling circumstances that prevented his getting a job, so as to allow him to be compensated for loss of wages?
Plaintiff is to file a note of issue and a copy of this order with the calendar clerk and pay all necessary fees.