■ DAVID MESSINA, Respondent, v LUFTHANSA GERMAN AIRLINES et al., Appellants.—In an action, *inter alia,* (1) to declare that defendant Lufthansa German Airlines breached its contract of employment with plaintiff by terminating such employment and (2) to compel plaintiff's reinstatement to his position with all salary accrued from the date of his termination, defendants appeal from a judgment of the Supreme Court, Kings County, dated November 4, 1977, which, *inter alia,* (1) directed defendant Lufthansa German Airlines to rehire plaintiff and (2) authorized plaintiff to enter a money judgment against defendants in the sum of $23,550, upon a stipulation of the parties. The appeal also brings up for review so much of a decision of the same court, as found that defendant Lufthansa German Airlines had failed to notify plaintiff in writing 10 days before the expiration of the first 60 days of his employment, "that the period of sixty days in which he was regarded as a temporary employee was being extended an additional thirty (30) days." Judgment affirmed, without costs or disbursements. Plaintiff was hired by defendant Lufthansa German Airlines (Lufthansa) as an airplane mechanic. This employment commenced on September 22, 1975. At that time, an agreement existed between Lufthansa and defendant International Association of Machinists and Aerospace Workers (union), of which plaintiff, as a union member, was a beneficiary. As it is relevant to this dispute, that agreement provided: "Except as otherwise provided in this Agreement, new employees shall be regarded as temporary employees for the first sixty (60) days of their appointment. This period may be extended by the Company an additional thirty (30) days provided the employee in question and the Union are notified in writing ten (10) days before the expiration of the first sixty (60) days of employment." Apparently, a temporary employee could be terminated by Lufthansa for any reason, or for no reason, whereas an employee who had completed the temporary period of employment could not be terminated except for cause. There is no dispute that plaintiff's first 60 days of employment were to and did terminate on November 20, 1975. Nor is there any dispute, for purposes of this appeal, that on November 11, 1975, Lufthansa notified plaintiff that, in accordance with the union agreement, it was extending his period of temporary employment for an additional 30 days, to terminate December 20, 1975. On December 17, 1975 Lufthansa notified plaintiff that his employment would be terminated, effective December 18, 1975, for failure to meet

performance standard requirements. Plaintiff, believing his termination to be without just cause, requested the union to bring a grievance against Lufthansa on his behalf. The union refused, taking the position that there was nothing improper in Lufthansa's action. Plaintiff then brought the instant action. Simultaneous with service of his summons and complaint, plaintiff served a "notice of motion for declaratory judgment". Pursuant to that motion, a trial was ordered on two questions of fact: (1) whether plaintiff actually received notice that his term of temporary employment was being extended; and (2) if he had, whether such notice had been timely, in accordance with the provisions of the agreement between Lufthansa and the union. The Trial Term ruled that plaintiff had received notice, but that said notice had not been timely. The court applied section 20 of the General Construction Law, which, insofar as it is relevant to this dispute, provides: "A number of days specified as a period from a certain day * * * before which an act is * * * required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." Accordingly, the Trial Term ruled that November 20, 1975, the last day of plaintiff's first 60 days of employment, and the "day of reckoning" for the purposes of section 20 of the General Construction Law, must be excluded in determining the timeliness of Lufthansa's notice. Counting back 10 days, the Trial Term concluded that November 10, 1975 was the tenth day before the termination of plaintiff's first 60 days of employment. Plaintiff's subsequent motion for summary judgment was denied, despite these findings. However, the parties subsequently entered into a stipulation of judgment by which plaintiff was to receive the relief requested in his complaint. The judgment was entered but, by its own terms, stayed the provisions thereof until such time as this court ruled on any appeal which might be presented. Defendants have now, in fact, appealed from that judgment, and also bring up for review the Trial Term's finding regarding the question of timeliness of the notice. At the outset we note that, since the stipulation entered into by the parties explicitly preserved any right of appeal which defendants may have had, and stayed the provisions of the judgment until any such appeal had been decided, the judgment may not be considered to be one entered on the consent of the parties. Accordingly, defendants' appeal is not barred for that reason. The key question presented herein is whether the Trial Term was correct in applying section 20 of the General Construction Law to the agreement between Lufthansa and the union. If Trial Term was correct, there is no question that Lufthansa's notice of intent to extend plaintiff's temporary period of employment was untimely. There is no question that the General Construction Law may be applied to contracts as well as to statutes. The Consolidators' Notes state (McKinney's Cons Laws of NY, Book 21, General Construction Law, pp IX-X): "It was necessary to change the name of this law from 'Statutory Construction Law' to 'General Construction Law' to make its designation broad enough to cover provisions in the law relating to the construction of contracts and other instruments, such as sections 25, 31 and 58. * * * This law was intended to contain general provisions relating to the construction of statutes. It contains however, some provisions relating to the construction of contracts, public and private instruments. The law was made applicable to 'every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required,' by the law. (§ 110.) While this provision applies only to statutes, the law itself was intended to apply to contracts and public or private instruments. Section 25, for instance, applies wholly to contracts,

while sections 31, 58 and other sections apply to a 'contract or public or private instrument.' " While the consolidators' notes do not explicitly designate section 20 as one of those sections relating to the construction of contracts, we see no impediment to such an application—particularly since "the law itself was intended to apply to contracts". In the instant case, the agreement under scrutiny provides no indication as to how the 10-day period is to be counted in determining the timeliness of the required notice. Under these circumstances, we find it reasonable to apply section 20 of the General Construction Law. We note, too, that this particular section has been applied to contracts in previous cases (see *Union Mut. Life Ins. Co. v Kevie,* 17 AD2d 109, affd 13 NY2d 971 [holding this section applicable to time limitations in insurance policies]; *Biloz v Tioga County Patrons' Fire Relief Assn.,* 21 NYS2d 643, affd 260 App Div 976; *Pomeranz v More,* 187 Misc 383). No case has held that section 20 may not be applied to contracts. Accordingly, there was no error in the Trial Term's ruling. November 20, 1975 must be excluded in calculating the required 10-day period. The last day upon which Lufthansa could have given timely notice of its intention to extend plaintiff's temporary period of employment was November 10. Lufthansa's notice on November 11 was not timely and, accordingly, plaintiff is entitled to judgment. Titone, J. P., Shapiro and Cohalan, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: In my view, the complaint should be dismissed. The key issue to be decided in this case is whether defendant Lufthansa German Airlines (hereinafter Lufthansa) gave timely notice, pursuant to its contract with the defendant union, of which plaintiff is a member, of its intent to extend plaintiff's original 60-day probationary employment period for another 30 days. The facts are not in dispute. Plaintiff commenced employment with Lufthansa as a probationary airplane mechanic on September 22, 1975. The last day of plaintiff's original 60-day probationary period was November 20, 1975. By letter dated November 11, 1975 and received by plaintiff on said date, Lufthansa advised plaintiff that, in accordance with the contract, it was extending his probationary period for an additional 30 days to December 20, 1975. On December 17, 1975 Lufthansa advised plaintiff that his employment was being terminated effective December 18, 1975 for failure to meet performance standard requirements. It is plaintiff's position in his suit for reinstatement and back pay that, pursuant to the contract; notification of extension of his probationary status had to be given on November 10, 1975. Since Lufthansa failed to do so and gave notice on November 11, 1975, plaintiff argues that he acquired seniority status by virtue of his continued employment beyond the original probationary period and that he could no longer be terminated except upon a proper showing of cause. Lufthansa takes the position that an extension of the plaintiff's probationary period was timely made on November 11, 1975 and that plaintiff was, therefore, properly discharged at will during the second probationary period. The relevant provision of the contract states as follows: "Except as otherwise provided in this Agreement, new employees shall be regarded as temporary employees for the first sixty (60) days of their appointment. This period may be extended by the Company an additional thirty (30) days provided the employee in question and the Union are notified in writing *ten (10) days before the expiration of the first sixty (60) days of employment"* (emphasis supplied). In holding in favor of plaintiff on the issue of timeliness of the notice of extension, i.e., that the notice had to be given on November 10, 1975 and not November 11, 1975, both the trial court and the majority relied upon section 20 of the General

Construction Law, which provides: "A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." Pursuant to this statute, both the trial court and the majority excluded November 20, 1975 from the computation and then, counting 10 days backward, concluded that the notice had to be given on November 10, 1975. In my view, section 20 of the General Construction Law is inapplicable to the contract provision at bar because of the latter's particular language and subject matter. Initially, it should be noted that the General Construction Law was intended to contain general provisions relating to the construction of statutes (Consolidators' Notes, McKinney's Cons Laws of NY, Book 21, General Construction Law). Section 110 of the law provides: "Application of chapter This chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter." It is true that the General Construction Law contains some provisions relating to the construction of "contracts, public and private instruments." However, these latter sections, e.g., sections 25, 31 and 58, explicitly state that they are applicable to contracts. In contrast, section 20 of the General Construction Law does not mention the word "contract" at all in its language. Despite this omission, it has been held that section 20 of the General Construction Law does apply to private contracts as well as statutes (Barnet v Cannizzaro, 3 AD2d 745; Goon v Fu Manchu's Rest., 253 App Div 531; Pomeranz v More, 187 Misc 383). Although I am of the view that those authorities may have expanded the application of the law beyond the intent of its drafters, I am bound by their holdings. Nevertheless, I am of the view that under the facts of this case, the application of section 20 of the General Construction Law is both inappropriate and inequitable. The rule embodied in section 20 of the General Construction Law is applied only when there is no contrary intention of the parties expressed in the agreement (Pomeranz v More, supra). The contract provision at bar does not state that the notice must be given 10 days before the last day of the probationary period. Rather, it specifically states that the notice must be given 10 days before the expiration of the first 60 days of employment. Plaintiff's probationary term commenced on September 22, 1975 and expired at the very least at the end of the workday of November 20, 1975. It can be reasonably argued that under this specific language of the contract, the last day of probation was to be utilized in computing the 10-day period. Moreover, in the ordinary private employment contract, the probationary employee may be discharged at any time up to and including the last day of the probationary term (cf. Matter of Going v Kennedy, 3 Misc 2d 82). However, by applying section 20 of the General Construction Law to this probationary employment contract, the trial court and the majority have wiped out November 20, 1975, the last day of plaintiff's initial probationary term, as a day to be applied against the 10-day requirement for extension of the probationary term. The statute should not be used in a manner which has the ultimate effect of eliminating or curtailing an employer's right to terminate a probationary employee and which thereby saddles the former with an unqualified worker. The plaintiff was hired as a probationary employee. He could have been discharged at any time up to and including the last day of his initial probationary term. He was given a reprieve by virtue of the employer's extension of his probationary term and his work was again found wanting. To allow him to now turn around and

interpret the 10-day notice requirement in a manner wherein it becomes a weapon against the employer in order to gain undeserved seniority status, is clearly improper and inequitable.