169 N.J. Super. 102 (1979)
404 A.2d 333
CHECKER VAN LINES, PLAINTIFF-RESPONDENT,
v.
SILTEK INTERNATIONAL, LTD., DEFENDANT, AND CHARLES ELLES, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1979.
Decided June 13, 1979.
*104 Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Lewis J. Pepperman, of counsel and on the brief, argued the cause for appellant (Messrs. Stark and Stark, attorneys).
Ms. Francine I. Axelrad, of counsel and on the brief, argued the cause for respondent (Messrs. Greenberg, Shmerelson, Greenberg & Weinroth, attorneys).
PER CURIAM.
Defendant Charles Elles appeals from judgment entered against him on cross-motions for summary judgment, holding him liable to plaintiff moving company for the shipping costs incurred when plaintiff moved Elles' household goods from Pennsylvania to Quebec, Canada.
As established by the affidavits, interrogatory answers and shipping documents in the record in this matter, the facts are as follows: Elles, residing in Holland, Pennsylvania, accepted a new job from his codefendant Siltek International, Ltd. (Siltek). As part of Elles' compensation, Siltek agreed to pay the cost of shipping his household goods from Pennsylvania to his new place of employment in Quebec, Canada. Elles arranged with plaintiff to have it do the moving and informed it that Siltek would be solely responsible for the charges involved.
Plaintiff delivered defendant's household goods on September 20, 1974. The shipping order showed Elles as the *105 shipper and consignee and directed that Siltek be billed. Both the shipping order and the bill of lading showed that the matter was a "charge" and that Siltek was to pay.
In May 1977 Elles was served with the summons and complaint in California, where he then resided. Siltek had already "filed bankruptcy," according to counsel about two years before. It is unclear whether Siltek was served with process but it did not file an answer. Elles filed a counterclaim for damages, claiming that the delivery was one day late. This counterclaim has been abandoned.
Cross-motions for summary judgment were filed by the parties. The judge granted plaintiff's motion for summary judgment as to liability on the basis of 49 U.S.C.A. § 323, and denied defendant's motion for summary judgment. Thereafter the parties stipulated damages, and judgment was entered against Elles in that amount[1].
Plaintiff and the trial judge relied upon 49 U.S.C.A. § 323, part of the Interstate Commerce Act relating to motor carriers like plaintiff, as the basis for imposing liability for the shipping costs on Elles. In interpreting and applying this federal statute our courts are bound by federal case law. Southern Pacific Co. v. Wheaton Brass Works, 5 N.J. 594, 598 (1950), cert. den. 341 U.S. 904, 71 S.Ct. 614, 95 L.Ed. 1343 (1951); Penbrook Hauling Co. v. Sovereign Const. Co., 128 N.J. Super. 179, 185 (Law Div. 1974), aff'd o.b. 136 N.J. Super. 395 (App. Div. 1975). The United States Supreme Court has held that this statute imposes liability for shipping costs upon the consignee of an interstate shipment of goods when, as owner of the goods, he accepts the shipment from the carrier. See Illinois Steel Co. v. B. & O.R. Co., 320 U.S. 508, 513, 64 S.Ct. 322, 88 *106 L.Ed. 259 (1944); Southern Pacific Co. v. Wheaton Brass Works, supra at 604. Under this rule a consignee accepting the shipment as the owner "becomes liable, as a matter of law, for the full amount of the freight charges whether they are demanded at the time of delivery, or not until later." Louisville & N.R. Co. v. Central Iron Co., 265 U.S. 59, 70, 44 S.Ct. 441, 444, 68 L.Ed. 900 (1924). This liability is imposed "without regard to any contract, and even though the consignee may have relied on a promise by a third party to pay for all such charges." Lyon Van Lines, Inc. v. Ogden, 503 S.W.2d 632, 635 (Tex. Civ. App. 1973).
Many federal and state cases have recognized that a carrier may be estopped from recovering from a consignee when the circumstances are such that the Interstate Commerce Act's policies against rate discrimination are not violated; and while in some cases the doctrine has been applied to prevent double payment, the doctrine is not limited to such instances. E.g., Consolidated Freightways Corp. of Del. v. Admiral Corp., 442 F.2d 56 (Cir.1971); Missouri Pacific R.R. Co. v. National Milling Co., 276 F. Supp. 367 (D.N.J. 1967), aff'd 409 F.2d 882 (3 Cir.1969); Southern Pacific Transp. Co. v. Campbell Soup Co., 455 F.2d 1219 (8 Cir.1972); Mason & Dixon Lines v. Crossville Rubber Products, 414 F. Supp. 166 (D.M.D. Tenn. 1976); Penbrook Hauling Co. v. Sovereign Constr. Co., supra; E.L. Murphy Trucking Co. v. Climate Control, Inc., 523 P.2d 1224 (Utah. Sup. Ct. 1974); Consolidated Freightways Corp. of Del. v. Eddy, 266 Or. 385, 513 P.2d 1161 (Sup. Ct. 1973); Interstate Motor Freight System v. Wright Brok., 539 S.W.2d 764 (Mo. App. 1976); Union Pacific R.R. v. Stadelman Fruit, Inc., 13 Wash. App. 824, 537 P.2d 1076 (Ct. App. 1975); Centre Carriers, Inc. v. Barker, 44 A.D.2d 312, 354 N.Y.S.2d 214, 218-219 (App. Div. 1974); Tom Hicks Transp. Co. v. Ford, Bacon & Davis Texas, Inc., 482 S.W.2d 364 (Tex. Civ. App. 1972). Estoppel defenses have been successfully asserted by transferred employees in circumstances similar to those presented here. E.g., Aero *107 Mayflower Transit Co. v. Hofberger, 259 Ark. 322, 532 S.W. 2d 759 (Sup. Ct. 1976); Lyon Van Lines, Inc. v. Cole, 9 Wash. App. 382, 512 P.2d 1108, 1112 n. 2 (Ct. App. 1973); Aero Mayflower Transit Co. v. Harbin, 126 Ga. App. 72, 190 S.E.2d 91 (Ct. App. 1972); contra, American Red Ball Transit Co., Inc. v. McCarthy, 114 N.H. 514, 323 A.2d 897 (Sup. Ct. 1974), cert. den. 420 U.S. 930, 95 S.Ct. 1131, 43 L.Ed.2d 401 (1975). "So long as payment of the full tariff charges may be demanded from some party, the anti-discrimination policy of [49 U.S.C.A. § 323] is satisfied" and estoppel may be raised by a consignee as a defense. Consolidated Freightways Corp. of Del. v. Admiral Corp., supra, 442 F.2d at 62.
Elles asserted that plaintiff should be estopped from looking to him for payment under the statute because he relied on plaintiff's promise to collect the freight charges from Siltek and will be prejudiced if compelled to pay the charges himself. The judge held estoppel inapplicable and entered judgment of liability for plaintiff. Elles argues that the judge erred, and we agree. Under the arrangement of the parties, Siltek was to pay the full charges for shipping, so the antidiscrimination policy of the statute was satisfied and Elles was not barred thereby from asserting estoppel as a defense. Consolidated Freightways Corp. of Del. v. Admiral Corp., supra at 62.
The elements of equitable estoppel were stated in Hecht v. Harris Upham & Co., 430 F.2d 1202 (9 Cir.1970), quoting from Hampton v. Paramount Pictures Corp., 279 F.2d 100, 104 (9 Cir.1960), cert. den. 364 U.S. 882, 81 S.Ct. 170, 5 L.Ed.2d 103 (1960), as:
(1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. [430 F.2d at 1208] *108 New Jersey's law is the same. E.g., Clark v. Judge, 84 N.J. Super. 35, 54 (Ch. Div. 1964), aff'd o.b. 44 N.J. 550 (1965).
The federal courts also recognize the principle of promissory estoppel, i.e., "that one who promises another to act but fails without excuse to do so is liable to the party who has relied upon such promises to his detriment." Arnold's Hofbrau, Inc. v. George Hyman Const. Co., Inc., 156 U.S. App. D.C. 253, 256, 480 F.2d 1145, 1148 (D.C. Cir.1973). Of course, the promise must be one creating a reasonably foreseeable likelihood of reliance by the promisee, and the reliance must be justifiable. N. Litterio & Company v. Glassman Construction Company, 115 U.S. App. D.C. 335, 338, 319 F.2d 736, 739 (D.C. Cir.1963). New Jersey law is in accord. See Friedman v. Tappan Development Corp., 22 N.J. 523, 535-538 (1956).
The record on appeal shows that several elements of promissory estoppel have been met. It is clear that in promising to look to Siltek for payment plaintiff did so knowing of Siltek's agreement with Elles to pay the charges. It was plainly foreseeable that, in reliance on that promise, Elles would forebear enforcing his agreement with Siltek by demanding that Siltek pay him the charges so he could pay plaintiff. It is equally apparent that to require Elles to pay plaintiff regardless of plaintiff's promise to obtain payment from Siltek would, in light of Siltek's bankruptcy, render an injustice and substantial detriment to Elles, because he would be unable to enforce his agreement with Siltek at this time and obtain reimbursement.
With respect to equitable estoppel, it could be concluded that plaintiff's promise in the bill of lading to collect from Siltek, together with its long delay in suing Elles, gave Elles a reasonable right to believe Siltek had paid the bill and to rely upon that belief by not enforcing his agreement with Siltek. If Elles is compelled to pay, his injury, as discussed above, is apparent. It seems likely that plaintiff knew or should have known at least two years before this suit that Siltek was bankrupt and that it would be coming *109 after Elles for payment. Moreover, even if we were to accept plaintiff's argument that the defense of estoppel has only been recognized and narrowly applied to prevent double payment, that would not dispose of the issue here. The record does not eliminate the possibility that Elles may have repaid Siltek in goods and services other than cash for the moving expenses.
Issues of material fact remain to be resolved. It is disputed whether (1) plaintiff's promise to collect from Siltek contained a reservation of right against Elles; (2) plaintiff's delay in claiming against Elles prejudiced his enforcement of his agreement with Siltek; (3) Elles was ignorant of the fact that Siltek had not and would not pay the bill, and (4) plaintiff's delay in seeking payment from Elles resulted from unlawful extensions of credit to Siltek, see 49 U.S.C.A. § 323 and 49 C.F.R. 1322.1 and 1322.3, from plaintiff's carelessness or from Elles' untraceability resulting from his subsequent move from Quebec. Furthermore, even if plaintiff is deemed estopped from proceeding under 49 U.S.C.A. § 323, its claim that Elles is liable by direct contract is pending.
In light of these unresolved material issues, entry of summary judgment is premature. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74-75 (1954).
Reversed and remanded for further proceedings in accordance herewith.
NOTES
[1] Although the judgment is labeled a consent order, it is clear from the endorsement of consent that Elles in fact intended only to stipulate to the damages involved and not to liability. As a result, we do not view the judgment as an unappealable consent judgment. See Barber v. Hohl, 40 N.J. Super. 526, 529 (App. Div. 1956).