## IFG LEASING COMPANY,
*Respondent,*

*v.*

## SNYDER,
*Appellant.*

## (13237; CA A34321)

713 P2d 630

David B. Hydes, John Day, argued the cause and filed the brief for appellant.

Paul Gerhardt, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

■ ■ Plaintiff initiated this proceeding for entry of an arbitration award pursuant to ORS 33.310. Defendant appeals from a judgment for plaintiff entered after the trial court granted it a summary judgment.[1]

Defendant defaulted on a lease agreement containing a provision for the arbitration of disputes:

> "Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof. Arbitration shall be held in the City of Portland, County of Multnomah, State of Oregon, and any question of law shall be decided in accordance with the laws of the above named state."

Plaintiff made numerous requests for arbitration, all of which were ignored by defendant. After giving defendant notice of arbitration by certified mail, plaintiff initiated an *ex parte* arbitration proceeding, pursuant to the rules of the American Arbitration Association (AAA), and received a favorable award. Defendant was personally served with a petition to have the award entered in the Crook County circuit court. He moved for summary judgment on the ground that the award was void, because plaintiff had not complied with ORS 33.230, which, he contends, requires the party seeking arbitration to obtain a court order compelling the other party to arbitrate. Plaintiff also moved for summary judgment, contending that, as a matter of law, it was entitled to judgment entering the award. Plaintiff's motion was granted.

ORS 33.230 provides:

> "A party *aggrieved* by the failure, neglect or refusal of another to perform under a contract or submission providing

---

[1] The appeal was taken from the nonappealable order granting summary judgment for plaintiff. Attached to the notice of appeal, however, is the stipulated judgment entered on the same date. It is clear that the appeal is from that judgment, and that is sufficient to give us jurisdiction. *Ensley v. Fitzwater,* 293 Or 258, 645 P2d 1062 (1982). Plaintiff asserts that, because defendant stipulated to the entry of the judgment, he is not entitled to appeal therefrom. Our reading of the document leads us to conclude that, although defendant may have stipulated to the entry of judgment, he did not stipulate to its substance.

for arbitration, described in ORS 33.220, *shall* petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. Ten days' notice in writing of the application shall be served upon the party in default, in the manner provided for personal service of a summons. * * *" (Emphasis supplied.)

Plaintiff did not seek an order compelling arbitration, because the parties had agreed to have their contract disputes arbitrated under the rules of the AAA, which allows for *ex parte* arbitration if one party refuses to participate.

Defendant contends that the provisions of ORS 33.230 are mandatory any time a party refuses to comply with the provisions of an arbitration agreement. Plaintiff argues that the statutory provisions are remedial only and do not create a right in the party who refuses to arbitrate to be ordered to arbitrate. Here, plaintiff explains, it did not need to rely on ORS 33.230, because it was not "aggrieved" within the meaning of that section; the parties had incorporated the rules of the AAA, and those rules permit *ex parte* arbitration if one of the parties fails or refuses to participate after due notice of the pending arbitration.[2]

An agreement to arbitrate future disputes arising out

---

[2] The commercial arbitration rules of the American Arbitration Association provide, as relevant:

"Section 7. INITIATION UNDER AN ARBITRATION PROVISION IN A CONTRACT—Arbitration under an arbitration provision in a contract may be initiated in the following manner:

"(a) The initiating party may give notice to the other party of his intention to arbitrate (Demand), which notice shall contain a statement setting forth the nature of the dispute, the amount involved, if any, the remedy sought, and

"(b) By filing at any Regional office of the AAA 2 copies of said notice * * *

"The AAA shall give notice of such filing to the other party. If he so desires, the party upon whom the demand for arbitration is made may file an answer * * *. * * * If no answer is filed within the stated time, it will be assumed that the claim is denied. Failure to file an answer shall not operate to delay the arbitration.

"* * * * *

"Section 29. ARBITRATION IN THE ABSENCE OF A PARTY—Unless the law provides to the contrary, the arbitration may proceed in the absence of any party, who, after due notice, fails to be present or fails to obtain an adjournment. An award shall not be made solely on a default of a party. The arbitrator shall require the party who is present to submit such evidence as he may require for the making of an award."

of a contract is valid, irrevocable and enforceable, ORS 33.220, although that was not the case at common law. *See Ruedda v. Union Pacific Railroad Co.,* 180 Or 133, 143-54, 175 P2d 778 (1946). Oregon's Arbitration Act, ORS 33.210 *et seq,* adopted in 1929, was patterned after that of New York, as was the United States Arbitration Act, 9 USC §§ 1-14. Before the enactment of those laws, a party seeking to enforce an arbitration agreement was limited to an action for breach of contract. *Red Cross Line v. Atlantic Fruit Co.,* 264 US 109, 44 S Ct 274, 68 L Ed 582 (1924).

■     It is clear that, by agreeing to have their dispute governed by the rules of the AAA, the parties have agreed to be bound by them. When reference is made in one document to another document for a specific purpose, the latter becomes a part of the former for that limited purpose. *Asbury Trans. v. Cons. Freightways,* 263 Or 53, 502 P2d 321 (1972). Having agreed that the rules of the AAA control, the parties are bound by them, and an arbitration proceeding had in accordance with them is valid and binding. *Korein v. Rabin,* 29 AD2d 351, 287 NYS 2d 975 (1968). The AAA rules provide for arbitration after notice to the other party, even if the other fails to appear.

Given the parties' agreement, the question is whether an order under ORS 33.230 was, nevertheless, necessary as a pre-condition to proceeding with arbitration or whether the statute's purpose is to establish additional procedures for compelling arbitration when the parties have not agreed to a method of proceeding if one party refuses to arbitrate. Focusing on the language of ORS 33.230, "a party aggrieved * * * *shall* petition the circuit court," (emphasis supplied), defendant argues that the statute provides no option for a party seeking enforcement of an arbitration agreement. It is urged that that section is Oregon's only procedure for the enforcement of such an agreement and that the procedure is, as stated in the AAA rules, section 29, n 2, *supra,* a "law provid[ing] to the contrary." If that is correct, the AAA provision for *ex parte* arbitration is inapplicable and, without it, the agreement to arbitrate may be enforced only by resort to ORS 33.230.

*Matter of Bullard v. Grace Co.,* 240 NY 388, 148 NE 559 (1925), lends some support to that view. There, the parties' contract provided for the arbitration of disputes, but it is not clear whether the arbitration rules under which the

arbitration was to be conducted provided for the appointment of an arbitrator without the consent of the party in default. The parties voluntarily submitted the dispute to arbitration and selected their arbitrators. Before the testimony had begun, the respondent, Grace, withdrew from the proceeding along with one of the arbitrators, contending that the dispute was not subject to arbitration. The appellant continued the proceeding without an order of the court and received a favorable award.

The New York court voided the award for the reason that the appellant had not sought an order compelling arbitration under New York's statutory provisions, which were, at that time, almost identical to those now in force in Oregon. It summarized its holding:

> "* * *If a bona fide question arises as to the proper construction of the submission agreement, a party may raise the question by withdrawing from the arbitration. If the party aggrieved then desires to go on with the arbitration he must apply to the court and the court will determine whether or not the withdrawing party was in default in refusing to proceed to arbitrate a question covered by the submission agreement." 240 NY at 397. (Emphasis supplied.)

The court then noted that the rules by which the arbitration was governed had not been submitted and that the statutory procedure controlled, "unless the party seeking to uphold the award establishes that it is inconsistent with the terms of the submission." 240 NY at 398.

*Bullard* has been the subject of much discussion, especially by Sturges, *Commercial Arbitration and Awards* (1930). Sturges suggests that the court's holding is limited to situations where the party failing to appear raised a "bona fide question" as to the construction of the submission agreement. He also points to a significant gap in the New York court's reasoning. The main rationale for the decision was that the party objecting to arbitration is entitled to have the question of jurisdiction reviewed by a court. Accordingly, it could have ruled that an award rendered in an *ex parte* hearing will be sustained, unless and until it is attacked for want of jurisdiction of the arbitrator, either in defense to proceedings to enter it or in a direct proceeding to vacate it on that ground. Oregon's statutory scheme provides for such a review at the

enforcement stage. ORS 33.320.[3] In addition to the questions raised by Sturges, it is not at all clear that the New York court would have reached the same conclusion had it been faced, as here, with an agreement that specifically incorporates rules that permit *ex parte* arbitration.

We are more persuaded by plaintiff's view. The overwhelming weight of authority is that, when, as here, the objecting party is not required under the contract to participate in the selection of the arbitrator, the arbitration, otherwise proper, may proceed in the objecting party's absence. *Corallo v. Merrick Cent. Carburetor, Inc.,* 733 F2d 248 (2d Cir 1984); *Standard Magnesium Corp. v. Fuchs,* 251 F2d 455 (10th Cir 1957); *Kanmak Mills v. Society Brand Hat Company,* 236 F2d 240, 250-52 (8th Cir 1956); *Kentucky River Mills v. Jackson,* 206 F2d 111 (6th Cir), *cert den* 346 US 887 (1953); *Brink v. Allegro Builders, Inc.,* 58 Cal 2d 577, 25 Cal Rptr 556, 375 P2d 436 (1962); *Kustom Craft Homes v. Leivenstein,* 14 Cal App 3d 805, 92 Cal Rptr 650 (1971). An order compelling arbitration is necessary only when one party refuses to participate in the arbitration and the parties have made no provision for arbitration in the face of such refusal. It is only where the arbitration may not proceed under the provisions of the

---

[3] ORS 33.320 (*amended by* Or Laws 1985, ch 496, § 21) provided:

"Within the period specified in ORS 33.310, the party against whom an award was made may except in writing thereto for any of the following causes:

"(1) The award was procured by corruption, fraud or undue means.

"(2) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(3) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party were prejudiced.

"(4) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(5) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award.

"(6) The arbitrators awarded upon a matter not submitted to them, unless it was a matter not affecting the merits of the decision upon the matters submitted.

"(7) The award was imperfect in matter of form not affecting the merits of the controversy."

contract without a court order that the other party is really aggrieved. *Standard Magnesium Corporation v. Fuchs, supra; Brink v. Allegro Builders, Inc., supra.*

■ Defendant contends that the parties agreement to have disputes arbitrated under the AAA rules could not possibly constitute a waiver of his "right" to have arbitration compelled by court order, because he is entitled to personal service, as in the case of a court proceeding. However, service of the notice of arbitration here was made in a manner reasonably calculated to give him notice, and he received actual notice. That is sufficient. *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985).

■ Because plaintiff was entitled to proceed under the agreement without the cooperation or participation of defendant, it was not "aggrieved" by defendant's refusal to arbitrate, and ORS 33.230 is not applicable. The trial court properly entered judgment on the *ex parte* award entered pursuant to the provisions of the contract.

Affirmed.