558 A.2d 1247

**ROYAL INSURANCE COMPANY OF AMERICA**

v.

**Bernard AUSTIN.**

**No. 1592 Sept. Term, 1988.**

Court of Special Appeals of Maryland.

June 13, 1989.

James L. Kelly, Jr. (Brian J. Nash and Montedonico & Mason, Chartered, on the brief), Rockville, for appellant.

Christopher K. Mangold (Koonz, McKenney & Johnson, on the brief), Landover, for appellee.

Argued before BISHOP, ALPERT, and ROSALYN B. BELL, JJ.

ALPERT, Judge.

In this case of first impression we are called upon *inter alia*, to decide whether the undefined term "hit and run vehicle" in an automobile insurance policy's uninsured motor vehicle's coverage excludes accidents where there has been no contact between the insured's vehicle and the "phantom" vehicle.

The parties have agreed that:

"a motor vehicle accident ... occurred on February 24, 1984, when a truck driven by the Appellee was forced off the road by an unidentified truck (phantom vehicle) which had failed to negotiate a turn and crossed the double yellow line coming into the Appellee's lane. In order to avoid striking the phantom vehicle head-on, the Appellee turned his truck to the right, striking a dirt embankment, which caused his vehicle to overturn and injure the Appellee. At no time did the phantom vehicle and the Appellee's truck come into contact with one another.

At the time of the accident, Appellee was working within the scope of his employment at Doughtie's Foods, Inc., and was operating an employer-provided vehicle that was insured by the Appellant, Royal Insurance Company of America (Royal). Under the terms of the uninsured motorist endorsement of the commercial vehicle insurance

policy issued to Doughtie's Foods, Inc., by Appellant Royal, the Appellee is an insured of the Appellant.

A complaint was filed by Bernard Austin, appellee, against Royal Insurance Company of America ("Royal Insurance"), appellant, in the Circuit Court for Prince George's County after Royal Insurance denied coverage to Austin under the Uninsured Motorist provision of a commercial vehicle insurance policy owned by Doughtie Foods, Inc. (Austin's employer). Both Austin and Royal Insurance moved for summary judgment. By order dated June 14, 1988, the trial court denied both parties' motions. On June 22, 1988, a consent judgment was entered by the trial court. Both parties signed the agreement through their attorneys. The agreement contained a provision that purportedly preserved Royal Insurance's "right to appeal the Court's denial of defendant's Motion for Summary Judgment."

On appeal, Royal Insurance argues that the lower court erred in refusing to grant its motion for summary judgment. It argues that because Austin's vehicle was run off the road by a "phantom vehicle" that did not come into physical contact with Austin's truck, Austin is not covered by the terms of the policy's uninsured motorist provision. Further, Royal Insurance argues, contrary to the trial court's order denying its motion for summary judgment, that such an exclusion is not void as against the public policy of Maryland because the insurance policy involved is a commercial one, not a personal insurance policy.

### Appealability of Consent Judgment

█ Preliminarily, although neither party raises the point, we must examine whether we may properly exercise jurisdiction in this case. It is a well-settled proposition in Maryland that consent decrees are not appealable. *See Franzen v. Dubinok,* 290 Md. 65, 68, 427 A.2d 1002 (1981); *First Federated Commodity Trust Corp. v. Commissioner,* 272 Md. 329, 332, 322 A.2d 539 (1974); *Mercantile Trust Co. v. Schloss,* 165 Md. 18, 24, 166 A. 599 (1933); *Prince George's County v. Barron,* 19 Md.App. 348, 349, 311 A.2d

453 (1973). Perceiving no pertinent difference between consent decrees in equity and consent judgments at law, this court has applied the same rule to the latter. *See Casson v. Joyce*, 28 Md.App. 634, 639, 346 A.2d 683 (1975). The reasoning behind this jurisdictional bar is that an appeal from consensual rulings is patently inconsistent with the intent of such voluntary rulings expeditiously to resolve legal disputes. *See generally Franzen, supra*, 290 Md. at 68–69, 427 A.2d 1002.

This case, however, is different than the cases cited above in a material respect. A stipulation in the consent order in this case allows appellant to appeal the trial court's denial of its motion for summary judgment and to seek certiorari in the Court of Appeals. In the posture of the case before us, this stipulation leads us to the conclusion that the order below was not a *true* consent judgment as to both liability and damages, but it was, at most, a stipulation as to damages should Royal Insurance's bout in the appellate arena be unsuccessful. As such, we do not think the labelling of the order as a "Consent Judgment" should, under these circumstances, preclude appellate review.[1] This has been the view taken in other jurisdictions examining similar consensual agreements. *See e.g., Checker Van Lines v. Siltek Int'l, Ltd.*, 169 N.J.Super. 102, 404 A.2d 333 (Ct., App.Div.1979) (*per curiam*); *Messina v. Lufthansa German Airlines*, 64 A.D.2d 890, 408 N.Y.S.2d 109 (App.Div.1978); *IFG Leasing Co. v. Snyder*, 77 Or.App. 374, 713 P.2d 630 (1986).

### Construction of "Hit and Run" Provision in Insurance Policy

■ Doughtie Foods' insurance policy with Royal Insurance provides that Royal Insurance "will pay all sums the

---

**1.** We do note that Royal Insurance has only reserved the right to appeal the trial court's order denying its motion for summary judgment. Thus, if *any* material fact exists as to Austin's exclusion from policy coverage, the consent judgment will become wholly enforceable, barring Royal Insurance from any further right to appellate review that it may have otherwise possessed.

insured [2] is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle." Additionally, the policy states:

4. **"Uninsured motor vehicle"** means a land motor vehicle or trailer.

\*        \*        \*        \*        \*        \*

d. Which is a hit-and-run vehicle and neither the driver nor owner can be identified.

The term "hit and run vehicle" is not further defined anywhere else in the policy. No extraneous evidence as to its meaning is before this court. Royal Insurance contends that as a matter of law the term excludes from coverage accidents where no contact between the insured's vehicle and the second vehicle or "phantom vehicle" takes place. Austin contends that the term can be reasonably interpreted to include unknown drivers who do not come into physical contact with the insured's vehicle but, nevertheless, cause the accident.

In our exhaustive review of the law we have been unable to uncover any cases where a court has been faced with interpreting the phrase "hit and run vehicle" in an insurance policy where the policy does not include some express qualifying language excluding from coverage "non-contact" accidents. We have, however, reviewed numerous decisions where courts have been required to interpret the phrase "hit and run" in statutes mandating uninsured motorist coverage. In nearly all of the cases, the issue involved is whether an insurance policy that expressly excludes from coverage accidents that occur without physical contact between the vehicles involved is void as against public policy because it provides less than the minimum coverage under a statute that requires coverage in undefined "hit and run"

---

**2.** It is not contested that Austin is an "insured" under the terms of the policy.

situations.[3]

Although a few courts have held that the undefined statutory term "hit and run" clearly requires insurance coverage only in physical contact situations, *see, e.g., Lemke v. Kenilworth Ins. Co.,* 109 Ill.2d 350, 94 Ill.Dec. 66, 487 N.E.2d 943 (1985); *Grace v. State Farm Mut. Auto Ins. Co.,* 197 Neb. 118, 246 N.W.2d 874 (1976); *Hendricks v. United States Fidelity & Guaranty Co.,* 5 N.C.App. 181, 167 S.E.2d 876 (1969); *Hayne v. Progressive Northern Ins. Co.,* 115 Wis.2d 68, 339 N.W.2d 588 (1983), the vast majority of the cases interpret the inclusion of the phrase "hit and run" in the statute as requiring insurance coverage even in non-physical contact situations. *See e.g., Abramowicz v. State Farm Mut. Auto Ins. Co.,* 369 A.2d 691 (Del.Super. 1977); *Lanzo v. State Farm Mut. Auto Ins. Co.,* 524 A.2d 47 (Me.1987); *Surrey v. Lumbermens Mut. Cas. Co.,* 384 Mass. 171, 424 N.E.2d 234 (1981); *Halseth v. State Farm Mut. Auto Ins. Co.,* 268 N.W.2d 730 (Minn.1978); *Soule v. Stuyvesant Ins. Co.,* 116 N.H. 595, 364 A.2d 883 (1976); *Biggs v. State Farm Mut. Auto Ins. Co.,* 569 P.2d 430 (Okl.1977); *Pin Pin H. Su v. Kemper Ins. Co., Etc.,* 431 A.2d 416 (R.I.1981); *Clark v. Regent Ins. Co.,* 270 N.W.2d 26 (S.D.1978) *Marakis v. State Farm Fire & Cas. Co.,* 765 P.2d 882 (Utah 1988); *Hartford Accident & Indemnity Co. v. Novak,* 83 Wash.2d 576, 520 P.2d 1368 (1974) (en banc). Representative of the reasoning behind the decisions in the latter cases is *Marakis, supra,* wherein the court commented:

---

**3.** Some statutes contain express provisions either including or excluding non-physical contact situations within the definition of "hit and run" in the uninsured motorist statute. Still other statutes, including Maryland's statute, do not include the term "hit and run" at all. The term being examined in these statutes to determine whether coverage is required is "uninsured motorist." Under the circumstances *sub judice,* the most persuasive analyses are ones where the statute being interpreted contains the undefined phrase "hit and run." For an extensive examination of these different types of uninsured motorist statutory provisions, see *No Fault & Uninsured Motorist Automobile Insurance,* § 26.200 (Matthew Bender 1988).

Other courts which have upheld the physical contact requirement have done so based on the premise that the term "hit and run" is synonymous with physical contact. Such a rigid construction is unmindful of various other uses of the term that do not necessitate physical contact. Beginning in an area which predates the automobile, the term "hit and run" continues to be used in the sport of baseball. In baseball parlance, the term denotes a play in which a base runner starts for the next base as the pitcher starts to pitch and the batter attempts to hit the ball; in military operations, the term is ascribed to small military units or troops which take quick, specific action rather than permanent engagement; and in the field of commerce, the terms is used to describe a type of merchandising. In each instance, the applicability of the term does not hinge on the successful completion of the play (whether the batter hit the ball), the operation, or the sale. Similarly, the term "hit and run" aptly includes characterization of an accident which is caused without physical contact by one who leaves the accident scene without identifying him or herself.

Id. 765 P.2d at 884. In *Pin Pin H. Su, supra,* the court stated:

In interpreting the language "hit and run", we believe, as did the Supreme Court of Washington, that the term is merely a shorthand colloquial expression that is designed to describe a motorist who has caused, or contributed by his negligence to, an accident and flees the scene without being identified. Thus, there is no inherent connotation that physical contact is an essential part of its definition.

*Id.* 431 A.2d at 419. We agree that the term "hit and run" has developed a lexical common-place meaning wholly separate from the mere word "hit." The term should be read to include all accidents caused by one who "flees the scene without being identified."

At worst, Austin has shown that the Royal Insurance policy is ambiguous as to whether "hit and run" includes accidents caused by another without any physical contact.

In the absence of extrinsic evidence, ambiguity in an insurance policy is generally construed against the drafter of the policy. *See St. Paul Fire & Marine Ins. Co. v. House,* 315 Md. 328, 340–41, 554 A.2d 404 (1989); *Pacific Indemnity Co. v. Interstate Fire & Cas. Co.,* 302 Md. 383, 405, 488 A.2d 486 (1985); *Truck Ins. Exchange v. Marks Rental,* 288 Md. 428, 435, 418 A.2d 1187 (1980); *General Accident Fire & Ins. Corp. v. Perry,* 75 Md.App. 503, 509, 541 A.2d 1340 (1988). We hold that the trial court did not err in denying Royal Insurance's motion for summary judgment.[4] In light of our ruling above, we need not address the remaining issues.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.

---

4. Our affirmance is not based on the trial court's conclusion that such an exclusion is void as being against the policy behind Maryland's uninsured motorist statute. Rather, we do not think that issue should have been addressed by the trial court, because absent further contractual or statutory definition, the term "hit and run" includes non-contact accidents and further, the policy itself was at least sufficiently ambiguous as to whether "hit and run" included non-physical contact accidents to deny Royal Insurance's Motion for Summary Judgment.