Johet J. Walsh, J.
A judgment of conviction was entered on July 5,1958, convicting the defendant upon his plea of guilty of the crime of operating an unregistered motor vehicle in violation of subdivision 1 of section 11 of the Vehicle and Traffic Law.
On June 3, 1958, defendant purchased an automobile and was issued N. Y. Temporary Certificate No. 66443 dated on that date. While operating under that certificate on June 13, 1958 shortly before midnight on the 13th as claimed by defendant, or shortly after midnight on the morning of the 14th as alleged by the People, defendant had an accident with his car, as a result of which, he suffered a partial loss of memory.
Defendant was hospitalized from the time of the accident until June 21, 1958. On July 3, 1958, an information' against defendant was filed and he was directed to appear before the Justice on July 5, 1958.
*705 Defendant contends that upon the arraignment before the Justice he was informed by some member of the State Police that even though the accident might have happened on June 13, 1958 as claimed by the defendant, the 10-day temporary certificate was already expired as of midnight of June 12, He claims that because of this statement he changed his plea to guilty.
Thereafter, defendant made an application in a proceeding in the nature of a writ of error coram nobis to set aside the judgment of conviction.
On September 9, 1958 a hearing was held before the Justice of Special Sessions on the application. At the hearing, testimony was taken and at the conclusion, the Justice denied the application.
The Justice’s docket reflects the reason for the denial of the application: ‘ ‘ Motion denied 9-9-58. No new evidence produced. Mr. Massey held that 10 day permit was good but in my opinion it had expired at midnight on 6-12-58.”
As a matter of law, defendant’s permit did not expire until midnight of June 13.
‘ A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made * * * In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period is reckoned shall be excluded in making the reckoning.” (General Construction Law, § 20; Ekas v. City Cab Co. of Jamestown, 203 Misc. 730; Stella v. James J. Farley Assn., 204 Misc. 998.)
Since a ‘ ‘ day ’ ’ consists of 24 hours from midnight to midnight and the law disregards fractions, it is obvious that defendant’s permit did not, as a matter of law, expire until midnight on June 13.
The remedy of writ of error coram nobis lies in a Court of Special Sessions. (Matter of Hogan v. New York Supreme Court, 295 N. Y. 92, see, also, People v. Eastman, 306 N. Y. 658.)
Among the grounds claimed by defendant in his application are:
(a) That defendant at the time of the arraignment and plea was inadequately advised by the court of his rights as a defendant. I find no merit to this contention.
*706 (b) That defendant was not given the opportunity for an adjournment to obtain legal counsel. I find no merit to this contention.
(c) That defendant at the arraignment and in the presence of the court was unduly and misleadingly influenced by members of the State Police to change his plea from ‘ not guilty ’ ’ to “ guilty ”.
The inherent power of a court to set aside its judgment procured by fraud and misrepresentation is undoubted. (Matter of Lyons v. Goldstein, 290 N. Y. 19.)
At the hearing, defendant testified that on the arraignment, Trooper Hines told him that the 10-day permit had expired on the 12th and counted the days on his fingers for defendant and that on reliance thereon, ‘ ‘ I decided I might as well plead guilty.”
Trooper Hines testified that at the hospital he spoke with defendant and “ told him the ten day permit was expired on June 13th. It expired June 12th at midnight” “I showed the defendant the ten day permit and told him I found the ten day permit on the floor. Three, four, five, six, seven, eight, nine, ten, eleven, twelve. I told him even though he thought the accident had happened before midnight the ten day permit had expired.”
This court finds, therefore, that the plea of guilty was improvident and was based upon misunderstanding and a misrepresentation of law.
“It is immaterial that the authorities obviously intended no misrepresentation ” (People v. O’Neill, 7 A D 2d 997, 998 [March 2, 1959]).
There is no implication that appellant was tricked into entering a plea of guilty by any design or fraud on the part of any of the public authorities, but the result of the mistake of law was a plea of guilty. “ Such a result, whether caused by inadvertence or design, is inconsistent with due process of law, and the conviction cannot stand.” (People v. Farina, 2 A D 2d 776 [1956]; People v. Sullivan, 276 App. Div. 1087, 1088.)
The decision of the court below on the application is reversed as a matter of law and the matter is remanded to the court below with instruction to vacate the judgment of conviction and allow the defendant to interpose a plea of not guilty.