UNION MUTUAL LIFE INSURANCE COMPANY, Appellant, *v.* LOUIS R. KEVIE, Respondent.

First Department, October 2, 1962.

*David R. Crow* of counsel (*Tanner, Friend, Kinnan & Post,* attorneys), for appellant.

*Morris A. Marks* of counsel (*George E. Netter* and *Milton Waxenfeld* with him on the brief; *Geist, Netter & Marks,* attorneys), for respondent.

STEUER, J. Defendant is the insured of a sickness and accident policy issued to him by the plaintiff. He concedes that in applying for the policy he made material misrepresentations as to his physical condition and that if plaintiff had been informed of the actual circumstances of his condition it would not have issued the policy. In this action to rescind the policy his sole defense is that the policy has by its terms become incontestable.

The policy was issued on August 16, 1957. The policy was contestable for fraud in the application for a period of two years. Defendant suffered a heart attack on August 16, 1959. The question presented is whether the policy had become incontestable on that day, and that question further depends on whether the day of issuance is to be included or excluded in the fixation of the two-year period.

Section 20 of the General Construction Law reads: " A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. * * * In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning."

The statute is applicable to time limitations in insurance policies (*Metropolitan Life Ins. Co.* v. *Schmidt,* 299 N. Y. 428). Applying it to the facts in this case, it is indisputable that August 16, 1959, falls within a period of two years commencing on August 17, 1957, and the policy would therefore be contestable.

It is claimed that the wording of the clause in the policy makes the statutory provision inapplicable. The policy in this respect reads: " Incontestable. (a) After this policy has been in force for a period of two years during the lifetime of the Insured (excluding any period during which the Insured is disabled), it shall become incontestable as to the statements contained in the application." It is argued that this clause is to be distinguished from the clause in the policy in *Metropolitan Life Ins. Co.* v. *Schmidt* (*supra,* p. 430) which read: " This policy shall be incontestable * * * for a period of two years from its date of issue." The argument is that " two years from " a specified date means something other than " two years after " a specified date — a contention to which, in this context, we cannot subscribe. But even assuming that a distinction exists, it is without effect. The statute excludes the initiating day in both constructions, providing that, in

calculating the time of the happening of the event "after" the specified date, the day from which the period shall be calculated is to be excluded.

We have examined defendant's other contentions, namely, that his disability did not include all the time sought to be tolled, and that the testimony as to his disability was not admissible, and find them without merit.

The judgment should be reversed on the law and the facts and judgment rendered for the plaintiff for the relief demanded in the complaint, with costs.

RABIN, J. P., VALENTE and STEVENS, JJ., concur; EAGER, J., dissents and votes to affirm on the opinion of Mr. Justice COLEMAN.

Judgment reversed, on the law and on the facts, with costs to the appellant, and judgment rendered for the plaintiff for the relief demanded in the complaint. Settle order on notice.