Nanette Dbmbitz, J.
A juvenile delinquency petition against the respondent, who is now 16 but who was 15 at the time of *130 the alleged occurrence, alleges that he 1 ‘ was knowingly and unlawfully in possession of a dangerous drug, to wit: 15 glassine envelopes of heroin, on his person.” The petition was filed by a New York .City policeman attached to the Narcotics Division of the Police Department; the alleged heroin was seized from respondent when the policeman entered his home and searched him on the basis of a warrant for the search of certain premises and of persons found therein. Respondent’s attorney moves to suppress the alleged heroin on the ground that the search warrant had expired at the time of the search, and also on the ground that the warrant was invalid with respect to its specification of the premises to be searched.
The warrant was issued on November 25, 1969 and provided, in accordance with section 802 of the Code of 'Criminal Procedure that it was to be executed ‘ ‘ within ten days of the date of issuance.” Concededly, the warrant was executed on December 5, 1969. Under section 20 of the G-eneral Construction Law, “ A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made.” Accordingly, respondent’s contention that December 5 was the 11th day after issuance and that the warrant had expired before its execution, is without merit.
The respondent’s second argument is that the warrant did not sufficiently identify the premises to be searched since it referred to the “ ground floor rear apartment ” and there were in fact two ground floor rear apartments at the specified street address. However, the warrant further described the apartment as the apartment ‘ ‘ occupied by 1 Chick. ’ ’ ’ Such an identification of a residence particularizes it, and is sufficiently specific to avoid the constitutional prohibition of a general or ‘ ‘ blanket search. ’ ’ (See People v. Rainey, 14 N Y 2d 35, 38; People v. Johnson, 49 Misc 2d 244, 245; People v. Montanaro, 34 Misc 2d 624, 626.)
Neither party adduced evidence with respect to whether there was any indication outside of the searched apartment that it was occupied by ‘ ‘ Chick. ’ ’ The only testimony as to “ Chick ’ ’ in relation to execution of the warrant, was the arresting officer’s testimony that no one in the searched apartment seemed to know “ Chick.” However, this testimony does not preclude the possibility of some indication outside the apartment, on a mailbox or otherwise, that the searched apartment was the one described in the warrant, or the possibility that the arresting policeman received information as to “ Chick’s ” occupancy from a janitor or some other reliable informant in or near the *131 premises before entering the apartment. The respondent has the burden of proving that the manner of execution of a warrant is invalid. (See People v. Entrialgo, 19 A D 2d 509, 510, affd. 14 N Y 2d 733; People v. Lombardi, 18 A D 2d 177, 181, affd. 13 N Y 2d 1014.) Since such burden has not been met by the respondent, the search and seizure of the alleged heroin is valid and the seized evidence is admissible.