OPINION OF THE COURT
Fuchsberg, J.
This case presents a seemingly uninvolved but apparently recurring question as to how to measure a time period specified in a contract in terms of a number of days before or after a particular date. Raised in that connection is the applicabil *114 ity of section 20 of the General Construction Law to contracts. The issue is here in the context of a case involving the timeliness of an employer’s notice of its intention to extend a probationary employment period pursuant to the terms of a collective bargaining agreement.
The facts are simple. Plaintiff David Messina was hired by defendant Lufthansa German Airlines on September 22, 1975. The written contract which governed his employment provided that he was to be regarded as a temporary employee— and thus subject to dismissal without cause — for the first 60 days. November 20 was plaintiff’s 60th day of employment. The agreement also empowered Lufthansa to extend the probationary period for an additional 30 days "provided the employee in question and the Union are notified in writing ten (10) days before the expiration of the first sixty (60) days of employment”. On November 11, Lufthansa gave notice of its intention to extend the period until December 20. Plaintiff was discharged on December 17 without a hearing to establish cause as the agreement required for nonprobationary employees. Suing for a declaratory judgment, plaintiff also sought reinstatement and recovery for loss of wages.
The focus of the appeal as it now comes to us is whether the notice of extension was too late to be effective. Messina argues that, in fixing the date by which notice had to be given, the final day of probation, November 20, had to be excluded and that, therefore, November 10 was "ten (10) days before the expiration” while November 11 was one day short of that. But Lufthansa asserts that November 20 must be included in the computation and that, therefore, notice on November 11 was in time.
Special Term held that the notice given was untimely; it ordered Lufthansa to rehire Messina and pay him for his lost wages. The Appellate Division affirmed, one Justice dissenting (64 AD2d 890).
We agree with the courts below that Lufthansa’s notice of extension was late. The contract language governing notice is not obscure and, while the parties here have demonstrated that it is possible to contend for two interpretations, we have no difficulty in choosing between them. Our reasons follow.
Initially, we observe that, on the narrow issue we now face the record itself offers no clue as to the subjective intent of the parties to the agreement at the time the 10-day notice clause was drafted. Except presumably to arrive at 10 rather *115 than another number of days, so far as we are told the opposing views now advanced were neither discussed nor given any thought during the collective bargaining process. In such circumstances, words in a writing are ordinarily given the meaning which those to whom they are addressed would reasonably be expected to perceive (see, generally, Restatement, Contracts, § 230; 4 Williston, Contracts [3d ed], § 607). In a case where both parties signed the agreement (here the employer for itself and the union on behalf of its employees), the one so addressed is the court that may have occasion to pass upon and apply and what was written (4 Williston, Contracts [3d ed], § 603).
Put another way, it may be said that the parties, rather than inviting consideration of their intention as of the time of contract formation, have delegated the right to interpret their words to an objective tribunal. It is notable that, in the application of this perception of the interpretive process where there is no apparent guide to subjective intention, "there should be no essential difference between public and private documents [i.e., between statutes and contracts]” (Curtis, A Better Theory of Legal Interpretation, Jurisprudence in Action, pp 133,161 [1953]).
We also see no reason why, in the absence of a contractual or statutory expression of a contrary intention, section 20 of the General Construction Law should apply to statutes alone. Section 20 of the General Construction Law provides "A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made”. Our examination of the cases reveals that, though some Judges have been equivocal as to whether the section was intended to encompass contracts as well as statutes, none spells out any basis for such a distinction (see Union Mut. Life Ins. Co. v Kevie, 17 AD2d 109, affd 13 NY2d 971; Barnet v Cannizzaro, 3 AD2d 745; Goon v Fu Manchu’s Rest., 253 App Div 531; Biloz v Tioga County Patrons’ Fire Relief Assn., 21 NYS2d 643, affd 260 App Div 976; Pomeranz v More, 187 Misc 383).
Moreover, it is significant that the official title of the General Construction Law was changed from "Statutory Construction Law” to its present form in order to clarify the inclusion of sections applicable to contracts and other instruments, and, although section 20 does not expressly so state, the consolida *116 tors’ notes indicate that, in addition to its original purpose to serve as an aid to statutory interpretation, the construction law generally "was intended to apply to contracts” as well (Consolidators’ Notes, McKinney’s Cons Laws of NY, General Contruction Law, Book 21, pp ix-x).
We therefore conclude that, under section 20, since the first 60 days of Messina’s employment expired, at the latest, at midnight on November 20 (see General Construction Law, § 19; Matter of O’Grady v Low, 74 App Div 246), that day must be excluded in calculating the 10-day notice period. So calculated, November 19 was the first day before expiration, and November 10 the 10th day. Accordingly, notice on November 11 was one day late.
It seems to us that this conclusion finds support in elementary logic and arithmetic. If the contract had required notice one day before expiration, it could hardly be suggested that notice on the very day of expiration itself would be timely. So, if November 19 is the first day before expiration, a fortiori, November 10 is the 10th. Alternatively, the 10-day period may be viewed as establishing a precise deadline. If midnight on November 20 is the moment of expiration, notice would have to precede it by at least 10 24-hour periods, making midnight on November 10, once again, the latest that notice could have been given.
Furthermore, each of these methods achieves a result that is in complete accord with the common-law rule (see Kane v City of Brooklyn, 114 NY 586, 594-595).
Accordingly, the Appellate Division order should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur with Judge Fuchsberg.
Order affirmed, with costs.