THE PEOPLE OF THE STATE OF NEW YORK ex rel. FLORENCE M. BARNA, on Behalf of CHARLES JONES, Appellant, v BENJAMIN MALCOLM, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE SCHLESINGER, on Behalf of JOHN ROBERTSON, Appellant, v BENJAMIN MALCOLM, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE SCHLESINGER, on Behalf of CARLOS TORRES, Appellant, v BENJAMIN MALCOLM, Respondent.

First Department, March 18, 1982

APPEARANCES OF COUNSEL

*J. Irons* for appellants.

*G. Jacobs* for respondent.

OPINION OF THE COURT

MEMORANDUM.

Judgments, Supreme Court, Bronx County (HECHT, J.), each entered on November 27, 1981, unanimously reversed, on the law, without costs and without disburse-

ments, and the motions to dismiss the writs of habeas corpus denied and the matters remanded to the Trial Term for further proceedings.

SILVERMAN, J. (concurring). These three habeas corpus proceedings present the question whether intervening Saturdays, Sundays and holidays are to be excluded from the calculation of the 72-hour period prescribed by CPL 180.80.

That statute provides in part:

"Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, either at the time of arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of such felony complaint, and who has been confined in such custody for a period of more than seventy-two hours without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance unless * * *

"3. The court is satisfied that the people have shown good cause why such order of release should not be issued. Such good cause must consist of some compelling fact or circumstance which precluded disposition of the felony complaint within the prescribed period or rendered such action against the interest of justice." (There are also exceptions for adjournments for which defendant is responsible or to which he consents, or for the case in which the Grand Jury has filed an indictment or a direction to file a prosecutor's information.)

In each of the present habeas corpus cases, the defendant in the criminal case (hereinafter the petitioner) was arrested on Monday, November 23, 1981, was arraigned in the local criminal court on Tuesday, November 24, 1981, and the local criminal court then adjourned the matter to the following Monday, November 30, 1981.

Thursday, November 26, 1981, was Thanksgiving Day, a legal holiday. On Friday, November 27, 1981, the Legal Aid Society attorneys served these habeas corpus writs on behalf of petitioners contending that the adjournments were in violation of the 72-hour provision of CPL 180.80. The Trial Term of the Supreme Court dismissed the peti-

tions determining "that Saturdays, Sundays and legal holidays are not included in the 72 hour period prescribed in Section 180.80 of CPL." Petitioners appeal from that determination.

Concededly, none of the three criminal defendants is now incarcerated. Two of them were paroled on November 30, 1981, and as to the other one who had been arraigned on two complaints, one case was dismissed on that day, and he was released on $1 bail in the other case.

There is thus presented the question whether the appeals are moot because the rights of the parties cannot be affected by the determination of the appeals. Normally, moot appeals are to be dismissed. There is, however, an exception to the doctrine of mootness where there are:

(1) a likelihood of repetition, either between the parties or among other members of the public;

(2) a phenomenon typically evading review; and

(3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues. (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715.)

We think the present case falls well within that exception. There is obviously a likelihood of repetition as the problem arises every weekend in the year and every time there is a legal holiday. It is a phenomenon typically evading review because when the intervening Saturday, Sunday or holiday is not counted, that only extends the 72 hours for one, two or three days so that the issue is no longer alive in the particular case by the time the appeal can be heard. Thus, in the present case, despite extreme expedition on the part of all parties and the court, the matter was not heard in this court until December 2, 1981, two days after it ceased to be of any practical significance to any of the petitioners. The issue involved is significant and, so far as has been called to our attention, has not been previously passed upon by any appellate court. We are informed that the practice varies somewhat among the Judges of the Criminal Court of the City of New York. Accordingly, we hold that this case falls within the exception to the doctrine of mootness and the appeal should be considered by us.

Coming now to the merits of the appeal: On its face, the statute makes no exception for intervening Saturdays, Sundays or holidays. It merely fixes a 72-hour period.

We note that as to misdemeanor complaints the corresponding period is five days "not including Sunday". (CPL 170.70.) There is no such express exception in CPL 180.80. Further, the phrasing of the statute in terms of hours rather than days suggests a somewhat greater urgency.

The correct method of calculating the 72 hours is at least suggested, if not indeed expressly prescribed, by sections 20 and 25-a of the General Construction Law. Section 20 of the General Construction Law, specifying how to compute periods of time stated as a number of days, requires exclusion of an intervening Saturday, Sunday or public holiday if the specified period is two days. Obviously 72 hours is not two days.

Subdivision 1 of section 25-a of the General Construction Law provides: "1. When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day and if the period ends at a specified hour, such act may be done at or before the same hour of such next succeeding business day".

We think that this statute should be applied to the calculation of the 72 hours so that if the 72 hours expire on Saturday, Sunday or a public holiday, the time is extended to the next succeeding business day. With this qualification we hold that the 72-hour period specified in the introductory paragraph of CPL 180.80 does not exclude *intervening* Saturdays, Sundays or public holidays.

It does not follow that a defendant is entitled to release pursuant to CPL 180.80 at the expiration of 72 hours from the time of his arraignment or from the time he has been placed in custody. In addition to the extension to the next business day when the 72 hours expire on a Saturday, Sunday or a public holiday, there is an open-ended extension for "good cause," i.e., "some compelling fact or circumstance", in CPL 180.80 (subd 3) which would preclude disposition of the felony complaint within the prescribed

period. In any particular case, it will be for the court to say whether it falls within subdivision 3.

In the present case, the 72 hours unextended would have expired on Friday, November 27. No reason has been shown why the matter had to be adjourned beyond Friday, November 27. In the absence of a showing of "compelling fact or circumstance", it was error for the Supreme Court to dismiss these writs of habeas corpus on the ground that it did.

Having thus expressed ourselves on the merits of the issue, it remains true that the rights of these petitioners will not be affected by the determination of these appeals. In such circumstances it has been the practice in otherwise moot cases, after the court expresses its views, for the court to dismiss the petition solely on that ground. (Cf. *Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, 381, affd 443 US 368.) Such a disposition, however, may present unwarranted procedural obstacles to respondents seeking to bring this matter to the Court of Appeals to the end that there be an expression by that court binding throughout the State on this question.

In that connection, we note that the writs of habeas corpus in the present cases were served on the District Attorney in the morning of Friday, November 27, 1981 (although dated November 25, 1981), and the matters were brought on for hearing apparently that afternoon. Thus, the District Attorney did not even have the minimum 24 hours to answer which CPLR 7008 (subd [a]) provides when the "writ is returnable forthwith". We think the District Attorney is entitled to an opportunity to show by affidavit or otherwise that there was some compelling fact or circumstance which required the adjournment to November 30, 1981, and to that end we remand the matter to the Trial Term for the purpose of permitting the District Attorney to show such fact or circumstance by affidavit or otherwise. We recognize that the District Attorney may not consider it worthwile to do that in this case, but procedurally it leaves the District Attorney (and perhaps petitioners) with standing as an aggrieved party to seek further review.

The judgments of the Supreme Court, Bronx County (HECHT, J.), dated November 27, 1981, dismissing the writs of habeas corpus, should be reversed, on the law, and the motions to dismiss the writs of habeas corpus should be denied, and the matters remanded to the Trial Term for further proceedings.

SANDLER, J. P. (concurring). I am in agreement with Justice SILVERMAN's analysis except with regard to the view, addressing an issue not directly presented by the facts although properly considered under the circumstances, that subdivision 1 of section 25-a of the General Construction Law has some bearing on the issue presented.

I agree that the section appropriately applies to the usual situation in which courts are not open on weekends and holidays. However, at least in New York City, parts of the criminal courts are open on those days. It is true that these parts are open on weekends and holidays for arraignment purposes, which are by no means unrelated to the purposes sought to be served by CPL 180.80. But notwithstanding the limited purposes intended to be met by this arrangement, the fact remains that the availability of such parts makes extremely dubious the application of the section relied upon in the opinion.

The issue presented when the 72-hour period expires on a holiday or weekend seems to me much more appropriately approached in terms of whether or not there is good cause for not discharging such business on weekends or holidays. Undoubtedly there are situations in which it would be inappropriate to do so, perhaps many situations. Arguably there may always be good cause for not conducting such business on weekends or holidays, but the record before us is surely an inadequate one on which to base such a sweeping judgment.

Undoubtedly it would add to the burden of assigned personnel if, in addition to arraignments on weekends and holidays, the court was required to conduct some hearings. It is not, however, immediately clear to me that the

additional burden imposed by some additional hearings would justify the continued incarceration of defendants concerning whom the court has not heard any evidence establishing justification for the continued incarceration. Moreover, weekend hearings are not likely to add to the burdens of the police department whose personnel is on duty at all times, and may well be more convenient to civilian complainants who frequently are required to lose a day's pay in order to discharge their civic duty.

In any event, the issue does not seem to me appropriate for definitive resolution in terms of subdivision 1 of section 25-a of the General Construction Law, nor does the record before us justify the expression of any definitive views with regard to the existence of good cause.

FEIN, J. (concurring). I agree that CPL 180.80 makes no exception for intervening Saturdays, Sundays or holidays in fixing a 72-hour period for release of a defendant on his own recognizance unless the felony complaint has been disposed of or a hearing thereon has been commenced. In the absence of some statutory provision to the contrary, there is no basis for excluding intervening Saturdays, Sundays and holidays.

With respect to the cases now before us, that should end our discussion of the matter. A hearing could have been commenced and perhaps even concluded on Friday, November 27, 1981, the day after Thanksgiving, three days after relators' arraignments on Tuesday, November 24. They should have been released on that day, as they were on the following Monday. Thus there is no need to speculate or to rule concerning the application of the statute in cases where the last day of the 72 hours is either a holiday, a Saturday or a Sunday.

Subdivision 3 of the statute permits a delay for "good cause" which "must consist of some compelling fact or circumstance which precluded disposition of the felony complaint within the prescribed period or rendered such action against the interest of justice."

If indeed the reason for not scheduling or proceeding with a hearing or disposition on a holiday or weekend is

that sufficient parts of the courts are not open on those days, this may well provide the "good cause" contemplated by the statute. However, we need not and should not reach that issue here. It is best decided on a case-by-case basis. It simply is not raised on this record.

For the reasons stated in my dissent in *People ex rel. Bousquet v Katz* (83 AD2d 533), I agree that these cases are not moot despite the fact that the defendants were either paroled or released prior to the appeals. However, we should limit our review to the issues directly involved. Mootness should not bar review where there has been governmental action too short in duration to be fully litigated prior to its cessation or expiration and there is a reasonable expectation that the relator or others would be subjected again to the same action. If the conduct complained of is "capable of repetition, yet evading review" and the issue is significant or important, the matter is not moot (*Weinstein v Bradford*, 423 US 147, 149; *Southern Pac. Term. Co. v Interstate Commerce Comm.*, 219 US 498; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715).

However, this exception to the doctrine of mootness does not require us to pass on matters not directly in issue in the dispute giving rise to the application under review (see *Matter of Hearst Corp. v Clyne, supra*). Here, the sole issue was whether the court had a right to deny the writ because of the failure of the Criminal Court Judge to set the hearing down for Friday, not whether holidays or weekends are to be excluded as possible return dates. It may well be that different questions are involved respecting return dates, such as the availability of court parts and personnel. The "good cause" and "some compelling fact or circumstance" provisos of CPL 180.80 (subd 3) may well require consideration and analysis not presented on the records now here.

SILVERMAN and BLOOM, JJ., concur in an opinion by SILVERMAN, J.; SANDLER, J. P., and CARRO, J., concur in an opinion by SANDLER, J. P.; FEIN, J., concurs in a separate opinion.

Judgments unanimously reversed, etc.