THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUSSELL NEUFELD, on Behalf of ROBERTO GARCIA, Respondent, v JACQUELINE McMICKENS, as Commissioner of Correction of the City of New York, Appellant.

Second Department, May 27, 1986

---

## APPEARANCES OF COUNSEL

*John J. Santucci, District Attorney (Jeanette Lifschitz* of counsel), for appellant.

*Caesar D. Cirigliano (Russell Neufeld,* petitioner *pro se, Arnold S. Cohen, Lynn Calvacca* and *Deborah A. Ezbitski* of counsel), for respondent.

## OPINION OF THE COURT

KUNZEMAN, J.

Roberto Garcia was arrested on Tuesday, February 19, 1985, and charged with petit larceny, criminal possession of stolen property in the third degree, and criminal possession of a hypodermic instrument. He was arraigned in the Criminal Court of the City of New York, Queens County, that same day before Judge Beldock, who set bail and then determined that the day by which the misdemeanor complaint must be converted into an information or Garcia must be released pursuant to CPL 170.70, was February 25, 1985, the following Monday. Judge Beldock then adjourned the case to February 25, 1985.

On February 22, 1985, Garcia applied for a writ of habeas corpus before Justice Rotker in the Supreme Court, Queens County. He argued that the case should have been adjourned to February 22, 1985, since, pursuant to CPL 170.70, the day of arraignment must be included in the five-day period during which an information must be filed or a defendant released. Garcia also argued that since the fifth day fell on a Saturday, the appropriate day pursuant to CPL 170.70 was the preceding Friday, February 22, 1985. Justice Rotker made the writ returnable on Monday, February 25, 1985.

On February 25, 1985, Justice Rotker determined that he would deny the writ unless the District Attorney failed to file the corroborating affidavit by the close of business that day,

on the ground that the People had established "good cause" under CPL 170.70 (2), by virtue of their reliance on Judge Beldock's adjourned date. That same day, Garcia made a de novo application for a writ of habeas corpus in this court (Thompson, J.), which, on February 26, 1985, was signed and referred to the Supreme Court, Queens County, Special Term, returnable on February 28, 1985. In the interim, on the afternoon of February 25, 1985, the People filed a corroborating affidavit.

On February 28, 1985, Justice Leviss, sitting at Special Term, Part 10, dismissed the writ on the ground that it was brought in the wrong forum.

On March 1, 1985, Garcia brought yet another application for a writ of habeas corpus, which this court (Thompson, J.), granted and referred to the Supreme Court, Queens County, to be heard on March 5, 1985.

On March 5, 1985, Justice Rotker, sitting in the Supreme Court, Queens County, sustained the writ of habeas corpus on the ground that, counting the day of arraignment, Garcia had been incarcerated for over six days prior to the conversion of the misdemeanor complaint into an information. Justice Rotker held that the failure to file an information within the five days provided for in CPL 170.70 cannot be cured by a later filing, and that the District Attorney's reliance on the arraignment court's misinterpretation of CPL 170.70 did not constitute good cause.

On March 18, 1985, Garcia pleaded guilty to attempted criminal possession of a hypodermic instrument, and was sentenced to 30 days' imprisonment.

■ We hold that inasmuch as the day of arraignment should not be included in the five days within which a misdemeanor complaint must be converted to an information or a defendant released on his own recognizance pursuant to CPL 170.70, Special Term erred in sustaining Garcia's writ of habeas corpus.

■ Initially, we note that although this appeal is technically moot, since Garcia has since pleaded guilty to criminal possession of a hypodermic instrument and has been sentenced, the issue as to whether or not the day of arraignment should be included in the five-day period set forth in CPL 170.70 may be reviewed by this court. In *Matter of Hearst Corp. v Clyne* (50 NY2d 707, 714-715), the Court of Appeals indicated that a court should rule on an issue even though it is technically

moot as to those who seek relief when there is: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" *(see also, People ex rel. Barna v Malcolm,* 85 AD2d 313, 315, *appeal dismissed* 57 NY2d 675). Application of the above criteria to the instant case reveals that review of the issue presented is warranted.

CPL 170.70 provides in pertinent part:

"§ 170.70 Release of defendant upon failure to replace misdemeanor complaint by information.

"Upon application of a defendant against whom a misdemeanor complaint is pending in a local criminal court, and who, either at the time of his arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of the action, and who has been confined in such custody for a period of more than five days, not including Sunday, without any information having been filed in replacement of such misdemeanor complaint, the criminal court must release the defendant on his own recognizance".

The issue to be determined here is whether CPL 170.70 is clear on its face as to whether or not the day of arraignment is to be included in calculating the five-day period within which a misdemeanor complaint must be converted to an information. If the statute is clear on its face, then reference to the rules of construction is not to be made *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 76). If, however, the statute is unclear on its face, the rules of construction are properly invoked.

Although CPL 170.70 is clear on its face insofar as it excludes Sundays from the computation of the five-day period within which a misdemeanor complaint must be converted to an information or a defendant released, it is unclear on its face as to whether or not the day of arraignment is to be included in calculating the five-day period. Thus, while CPL 170.70 clearly indicates that commitment to custody (i.e., arraignment) commences the running of the five-day period, it does not indicate whether or not the day that a defendant is committed to custody (i.e., arraigned) is to be included in calculating the five-day period *(see, Matter of Robert G.,* 64 Misc 2d 129). Application of the rules of construction is

therefore warranted here *(see,* General Construction Law § 110; *Messina v Lufthansa German Airlines,* 64 AD2d 890, *affd* 47 NY2d 111; *Union Mut. Life Ins. Co. v Kevie,* 17 AD2d 109, *affd* 13 NY2d 971; *Matter of Picciano v Hammock,* 92 AD2d 1043; *People ex rel. Barna v Malcolm,* 85 AD2d 313, *supra; People v Breckenridge,* 16 Misc 2d 704).

General Construction Law § 20 provides:

"§ 20. Day, computation

*"A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made.* If such period is a period of two days, Saturday, Sunday or a public holiday must be excluded from the reckoning if it is in an intervening day between the day from which the reckoning is made and the last day of the period. *In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning"* (emphasis added).

Pursuant to that provision, which excludes the calendar day from which the reckoning is made, the day of arraignment is not included in the five-day period set forth in CPL 170.70. Thus, Special Term erred in including the day of arraignment in calculating the five-day period of CPL 170.70.

GIBBONS, J. P. (dissenting). I must dissent from the decision of my colleagues. To resolve the issue on appeal we need only count the days of actual custody. Under a rule of construction, the majority would not begin to count until a defendant has been in custody for two days, a result I find unsupportable. In my view, the statutory language which governs is unambiguous and, therefore, does not require construction or interpretation. Furthermore, a court may not alter the statutory language in order to fit a rule of construction, which the majority does here. Thus, employing an inapposite rule of construction to interpret an unambiguous statute, the majority reaches a conclusion which, in effect, declares that custody is not custody, reduces a day of actual incarceration to a measurement device, and minimizes the value of liberty in the process. Furthermore, if it is possible to urge two interpretations of CPL 170.70, then there are more appropriate rules of construction than General Construction Law § 20.

A defendant charged with a misdemeanor is accorded the right to be prosecuted by an information, rather than a misdemeanor complaint. That right takes into account the simple fact that a misdemeanor complaint may be based wholly on hearsay allegations, while an information may not (CPL 100.40 [1], [4]). The misdemeanor complaint serves "merely as the basis for commencement of a criminal action, permitting court arraignment and temporary control over the defendant's person where there is as yet no prima facie case" *(People v Weinberg,* 34 NY2d 429, 431).

The length of time which this "temporary" control is permitted to continue is circumscribed by CPL 170.70, which provides that "a defendant * * * who * * * has been committed to the custody of the sheriff * * * and who has been confined in such custody for a period of more than five days" must be released, unless the misdemeanor complaint has been converted to an information. Custody preceding the day of arraignment is expressly deleted from the computation of the five-day period, as is Sunday. It is pertinent to note that the statute does not state that the People have *five days from the date of arraignment* within which to convert a misdemeanor complaint to an information, a distinction with a difference where statutory construction is concerned.

In the case at bar, Roberto Garcia was taken into custody and arraigned on Tuesday, February 19, 1985. The issue is whether he was in custody for "more than five days" on Monday, February 25, 1985. It is self-evident that he was in custody Tuesday, Wednesday, Thursday, Friday, Saturday and Sunday, a total of five days excluding Sunday, and that on Monday he had been in custody for "more than five days".

The People claim, and the majority agrees, that the statute is ambiguous. I can find no such ambiguity. Day one of custody is counted, unless it precedes the day of arraignment or is a Sunday.

However, if rules of construction are to be employed on the basis of ambiguity, then the following are relevant. The words "more than five days" are words of ordinary import and "[w]ords of ordinary import used in a statute are to be given their usual and commonly understood meaning, unless it is plain from the statute that a different meaning is intended" (McKinney's Cons Laws of NY, Book 1, Statutes §§ 232, 94). Furthermore, the law does not recognize fractions of days. Therefore, as "any rule of computation must either extend or

diminish the accurate period of time computed" *(Aultman & Taylor Co. v Syme,* 163 NY 54, 61, 67), and, as a penal statute must be strictly construed against the State in favor of the accused (McKinney's Cons Laws of NY, Book 1, Statutes § 271 [a]), a day of incarceration will count as a day even though it does not run the entire time from midnight to midnight *(see,* General Construction Law § 19). Furthermore, statutory language should be read in light of the purpose sought to be accomplished, here, temporary custody until a prima facie case is established *(see, Matter of Consolidated Edison Co. v Maltbie,* 275 App Div 475, *revd on other grounds* 300 NY 196, *appeal dismissed* 339 US 973; *People v Weinberg,* 34 NY2d 429, supra).* Using these rules of construction, "more than five days" should not be construed to extend the time a defendant must remain in custody before the right to release attaches. In addition, the rule "expressio unius est exclusio alterius" is applicable here. The Legislature expressly excluded prearraignment-day custody and Sunday from the computation; therefore, custody on the day of arraignment must have been intended to be included.

The majority, however, in order to reach a conclusion that day one of custody is not counted, employs General Construction Law § 20, which states: "A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. If such period is a period of two days, Saturday, Sunday or a public holiday must be excluded from the reckoning if it is in an intervening day between the day from which the reckoning is made and the last day of the period. In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning".

The simple and obvious fact which militates against use of this rule of construction is that CPL 170.70 does not concern a "number of days specified as a period *from a certain day"* (emphasis supplied). Nor does it concern a computation of a period of time *from a specified event.* If the statute stated that the People have five days from arraignment within which to convert a misdemeanor complaint to an information, I would have no quarrel with the majority. Or if the statute declared that a defendant may not be held in custody for a period of

more than five days from the date of commitment to the custody of the Sheriff, again I might have to agree with the majority. However, CPL 170.70 is not so worded, and its full text states:

"Upon application of a defendant against whom a misdemeanor complaint is pending in a local criminal court, and who, either at the time of his arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of the action, and who has been confined in such custody for a period of more than five days, not including Sunday, without any information having been filed in replacement of such misdemeanor complaint, the criminal court must release the defendant on his own recognizance unless:

"1. The defendant has waived prosecution by information and consented to be prosecuted upon the misdemeanor complaint, pursuant to subdivision three of section 170.65; or

"2. The court is satisfied that there is good cause why such order of release should not be issued. Such good cause must consist of some compelling fact or circumstance which precluded replacement of the misdemeanor complaint by an information or a prosecutor's information within the prescribed period."

Because the Legislature is deemed to have knowledge of the rules of construction when it enacts a statute, in the absence of anything to the contrary, the courts will suppose that the Legislature intended its acts to be in accord with such rules (see, McKinney's Cons Laws of NY, Book 1, Statutes § 91, pp 174-175). Accordingly, if the Legislature intended day one of custody not to be counted, it would have been a simple matter to word the statute so that it fit within the rule enunciated in General Construction Law § 20.

In sum, General Construction Law § 20 addresses measurements "from a certain day" or "a specified event" while CPL 170.70 does not. The five-day period of custody does not refer to measurement from a specified day or event; it refers to the period of actual custody. A case relied upon by the majority is illustrative of this distinction. In *Messina v Lufthansa German Airlines* (47 NY2d 111), the court was concerned with the timeliness of a notice extending the plaintiff's period of probationary employment. Employment was probationary for a period of 60 days. However, probationary status could be extended for an additional 30 days provided that notice was

given "ten (10) days before the expiration of the first sixty (60) days of employment" *(Messina v Lufthansa German Airlines, supra,* at p 114). The 60-day period of employment and the 10-day period for notice were distinguished and measured differently. When measuring the 60-day period of actual employment, the court did not exclude the first day, September 22, 1975 *(Messina v Lufthansa German Airlines, supra,* at p 114 ["November 20 was plaintiff's 60th day of employment"]). In other words, General Construction Law § 20 was not applied to reduce the period of actual employment. In contrast, when measuring the period of 10 days before the 60th day, a measurement from a specified date, General Construction Law § 20 was used to exclude the 60th day, thus distinguishing between the two periods. Here, we are measuring actual days of custody, as the court in *Messina (supra)* was measuring actual days of employment. We are not concerned with measuring from a specified day. The majority fails to acknowledge this fundamental distinction.

Several decisions which compute periods of custody, whether for purposes of release pursuant to CPL 170.70 or 180.80, or for purposes of computing a sentence or the jail time to be credited thereto, also support a conclusion that all time spent in custody is counted, unless explicitly excluded. In a case similar to the one at bar, the defendant, in custody on a misdemeanor complaint as of Wednesday, August 19, 1981, the day of arraignment, was entitled to release on Tuesday, August 25, 1981, with Wednesday through Monday constituting five days (statutorily excluding Sunday) *(see, People v Matthews,* 110 Misc 2d 863, 867). Such was also the ruling of Criminal Term in the case at bar which I would affirm.

The First Department, in construing CPL 180.80, the parallel statute concerning felonies, prior to its amendment in 1982 (L 1982, ch 556, § 1), employed rules of construction to determine whether the 72-hour period prescribed therein excluded intervening Saturdays, Sundays and holidays *(People ex rel. Barna v Malcolm,* 85 AD2d 313, *appeal dismissed* 57 NY2d 675). There, the petitioners were arrested on a Monday and arraigned on Tuesday. The entire court agreed that it was error to dismiss the petitioner's writs of habeas corpus on Friday. In a concurring opinion, Justice Silverman stated that "the 72 hours * * * would have expired on Friday" *(People ex rel. Barna v Malcolm, supra,* at p 317). It is clear that the 24 hours of Tuesday, the day of arraignment, were counted, else the 72-hour period would not have expired until Saturday, and

the defendants would not have been entitled to have their petitions considered on Friday *(People ex rel. Barna v Malcolm, supra,* at pp 314, 317).

In addition, it is well settled that the first day of custody is counted when computing jail time to be credited to a sentence pursuant to Penal Law § 70.30 (3). That section provides that a sentence imposed shall be credited "by the amount of time the person spent in custody prior to the commencement of such sentence". Indeed, the wording of Penal Law § 70.30 lends itself to the construction rule the majority would superimpose upon CPL 170.70, viz., "The credit herein provided shall be calculated *from the date custody under the charge commenced* to the date the sentence commences" (Penal Law § 70.30 [3]; emphasis supplied). Clearly, General Construction Law § 20 is not applied to this penal statute to reduce credit for time spent in actual custody *(see, e.g., Powell v Malcolm,* 44 AD2d 65, 66, *appeal dismissed* 34 NY2d 752 [period of presentence incarceration from November 3, 1967 to February 18, 1968 equals 108 days, thus including the first day of period of custody, November 3]). Accordingly, I conclude that Roberto Garcia was entitled to release and vote to affirm.

THOMPSON and WEINSTEIN, JJ., concur with KUNZEMAN, J; GIBBONS, J. P., dissents and votes to affirm the judgment appealed from, with an opinion.

Judgment of the Supreme Court, Queens County, dated March 5, 1985, reversed, on the law, without costs or disbursements, and proceeding dismissed.