■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SCOTT VANCOUR, Appellant, v FRED W. SCORALICK, as Sheriff of the County of Dutchess, et al., Respondents.

The petitioner was arrested at 4:00 A.M. on January 19, 1987, and taken to the Town Court of the Town of Unionvale, where he was arraigned upon a felony complaint. The petitioner was then remanded to the Dutchess County jail in lieu of $10,000 bail.

On January 28, 1987, the petitioner's attorney made an ex parte oral application to a Justice of the Town Court for an order pursuant to CPL 180.80 releasing the petitioner on his own recognizance. Following the denial of this informal ex parte application (concerning the procedural propriety of which we express no opinion), the instant proceeding was commenced on January 29, 1987. On January 30, 1987, the County Court, Dutchess County, dismissed the proceeding, holding that the 144-hour time limitation set forth in CPL 180.80 began to run only when the petitioner, for the first time, requested that he be released from jail. This appeal followed.

We affirm the judgment which dismissed the proceeding only because he is not now entitled to habeas corpus relief. Our decision in no way reflects an approval of the reasoning employed by the County Court in its dismissal of the proceeding. We conclude, on the contrary, that the County Court erred as a matter of law in refusing to sustain the writ.

The issue presented on appeal is properly reviewable by this court, even though it has become technically moot as the result of the petitioner having been indicted (see, People ex rel. Neufeld v McMickens, 117 AD2d 243, 245-246, revd on other grounds 70 NY2d 763; People ex rel. Barna v Malcolm, 85 AD2d 313, 315). With respect to the merits, we conclude that the County Court erred in holding that the time limitations set forth in CPL 180.80 begin to run only when a suspect, who has been incarcerated after arraignment upon a felony complaint, demands his release from jail. The statute provides, to the contrary, that that 144-hour period begins to run at the time of the arrest of the accused, and further provides that the local criminal court must release the accused from jail within the prescribed time frame unless an indictment has been returned, or a preliminary hearing has been commenced, or a showing of other special circumstances has been made. In the present case, no valid reason was shown for continuing the detention of the petitioner beyond a period of 144 hours after his arrest. The writ of habeas corpus should therefore have been sustained (see, People ex rel. Barna v Malcolm,

*supra; People v Aaron,* 55 AD2d 653). Bracken, J. P., Kunzeman, Lawrence and Harwood, JJ., concur.