OPINION OF THE COURT
William Garnett, J.
On January 31, 1994, the defendant was arraigned on a misdemeanor information. On February 15, 1994, pursuant to CPL 710.30 (1) (a), the prosecution served notice that the *746 People intended to offer in evidence a statement made to a public servant.
The defense, as part of its omnibus motion, has moved to preclude the use of the noticed statement for the failure of the prosecution to have given notice "within fifteen days after arraignment” (CPL 710.30 [2]; People v O’Doherty, 70 NY2d 479 [1987]).
Simply put, the determinative issue is whether the day of arraignment, i.e., January 31, should be counted in calculating whether the prosecution’s notice was timely.
On its face, the statute does not indicate whether the day of arraignment should be included as one of the 15 days in which the prosecution must serve notice that a statement will be offered as evidence against a defendant. Further, this precise issue has not been decided by case law — binding or persuasive.
Two cases decided by the Court of Appeals on the same day provide guidance for the resolution of this issue. (People ex rel. Neufeld v McMickens, 70 NY2d 763 [1987], revg 117 AD2d 243 [2d Dept 1986], on the dissenting opn of Gibbons, J., 117 AD2d 243, 247-252; People v Stiles, 70 NY2d 765 [1987].)
In Stiles (supra), the Court of Appeals, relying on section 20 of the General Construction Law, ruled that the day on which a criminal action is commenced by the filing of an accusatory instrument is not includable in calculating the time in which the prosecution must announce its readiness for trial under the speedy trial statute. In finding that section 20 of the General Construction Law was applicable and controlling, the Court wrote: "Although the statute [CPL 30.30 (1)] specifies the event [the filing of the accusatory instrument] which begins the running of the statutory period, it does not indicate whether the first day is to be included or excluded in making the computation” (People v Stiles, supra, at 767). Similarly, CPL 710.30 (2) specifies the event, i.e., the arraignment, but does not indicate whether the computation of the 15-day period should include the day of arraignment. Thus, for the purpose of determining the applicability of section 20 of the General Construction Law, section 710.30 (2) is analogous to CPL 30.30 (1) because the calculation of the statutory time period is triggered by a specified event.
In contrast, in interpreting CPL 170.70, the Court of Appeals found that section 20 of the General Construction Law was inapposite in computing the time in which a defendant *747 may be held in custody awaiting the conversion of a misdemeanor complaint to an information. (People ex rel. Neufeld v McMickens, supra.) "In sum, General Construction Law § 20 addresses measurements 'from a certain day’ or 'a specified event’ while CPL 170.70 does not.” (People ex rel. Neufeld v McMickens, 117 AD2d 243, 250 [2d Dept 1986].) Thus, section 170.70 is not a statutory analogue to section 710.30 (2) for the purpose of measuring the applicable time period. Demonstrating the significance of the differing statutory language, Justice Gibbons wrote: "If the statute [i.e., CPL 170.70] stated that the People have five days from arraignment within which to convert a misdemeanor complaint to an information, I would have no quarrel with the majority.” (Supra, at 249.) Therefore, in the absence of statutory direction, the language of section 710.30 (2) renders this statute susceptible of construction by means of section 20 of the General Construction Law.
Section 20 of the General Construction Law provides, in relevant part, that "[i]n computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in marking the reckoning.”
The "specified event” in CPL 710.30 (2) is the arraignment. The day of reckoning is the day of arraignment. Section 20 of the General Construction Law explicitly excludes the day of the specified event in computing the applicable time period.
In the instant case, January 31 was the day on which the defendant’s arraignment occurred. Thus, as the day of reckoning, this day is excludable in calculating whether the People have complied with the notice requirement contained in CPL 710.30 (2). In this case, the notice was served in court on the 15th day and was thus timely.
Therefore, the motion to preclude the use of the alleged statement is denied.