OPINION OF THE COURT
Charles A. Posner, J.
The defendant, Devin Powell, charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]) and unlawful possession of marihuana (Penal Law § 221.05) moves to dismiss the accusatory instrument on speedy trial grounds alleging that the People failed to announce their readiness for trial within the applicable 90-day statutory period mandated by CPL 30.30 (1) (b). The People concede, in their affirmation in opposition, that their announcement of readiness for trial was not made until the 91st day after the filing of the accusatory instrument. They assert, nonetheless, that their announcement of readiness was timely for two reasons, namely: (1) that the defendant’s preconversion oral request for a copy of the search warrant underlying the defendant’s arrest is an excludable pretrial *909 delay as provided in CPL 30.30 (4) (a); and (2) even if the court would disallow the request for a copy of the search warrant as an excludable pretrial delay, as the day on which the People would have been required to announce their readiness for trial fell on a Sunday, the General Construction Law permits a timely announcement of readiness on the following business day (in the instant case, the 91st day which fell on a Monday).
 This court disagrees with both of the People’s contentions and, for the reasons that follow, grants the defendant’s motion to dismiss the accusatory instrument on speedy trial grounds.
The instant motion arises from the following facts and procedural history. The defendant was arrested on the aforementioned charges on November 8, 1996. The misdemeanor complaint, in relevant part, reads as follows: "Deponent is informed by P.O. Brooks that * * * deponent entered the above premises pursuant to a search warrant issued by Judge D’Emic on 11/07/96 and observed the defendant standing in a bedroom with a quantity of crack/cocaine and a quantity of marijuana on top of a dresser in open view.” The defendant was arraigned on the aforementioned complaint and the case was adjourned to November 25, 1996 (17 days chargeable to the People). Although on November 25 a lab report was filed attesting that the substances found were in fact cocaine and marihuana, the People admitted in open court that they did not yet have a corroborating affidavit from Officer Brooks (the informant/arresting officer). At the same calendar call, the defense counsel orally requested a copy of both the search warrant and the affidavit in support thereof. The case was adjourned to January 13,1997, with the court having instructed the People to produce both the corroborating affidavit and a copy of the search warrant and affidavit in support thereof on that date. In the interim, the court had ordered the People to make certain redactions in both the search warrant.and supporting affidavit. On January 13, 1997 the People stated that they were still waiting for the corroborating affidavit from the arresting officer. Additionally, they informed the court that they had a copy of the search warrant with them but had not yet made the ordered redactions. The court then adjourned the case until February 10, 1997. On February 10, 1997 the People again did not produce either a corroborating affidavit from the arresting officer or a redacted copy of the search warrant and supporting affidavit. The People then requested a two-week adjournment until February 24, 1997. On February 11, 1997 *910 the People served and filed both a corroborating affidavit from Officer Steven Brooks and a statement of readiness for trial. On February 20, 1997, the defendant filed the instant motion to dismiss. At the next court date, February 24, 1997, the People announced their readiness for trial on the record in open court. Both parties have stipulated that the People’s statement of readiness for trial was made on February 11, 1997, the date on which it was filed with the Clerk of the. Court and served upon defense counsel, and that this was done 91 days after the filing of the accusatory instrument on November 11, 1996.
This court will first address the People’s contention that defendant’s request for copies of the search warrant and the affidavit in support thereof amounts to an excludable delay for speedy trial purposes. CPL 30.30 (4) (a) sets forth that the following periods must be excluded in computing the time within which the People must be ready for trial: "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; demand to produce; request for a bill of particulars; pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court”. The question presented by the instant motion is whether a defense request for a copy of a search warrant falls within the parameters of this statute.
A bill of particulars is a written statement by the prosecutor specifying items of factual information which are not contained in' the misdemeanor complaint or information. (See, CPL 100.45 [4]; 200.95.) A "request for a bill of particulars” is a written request served by the defendant upon the People, without leave of the court, requesting a bill of particulars. In the instant case, the defense counsel’s request for a copy of the search warrant cannot be deemed tantamount to a request for a bill of particulars for two reasons, namely: (1) the defense counsel’s request was oral; and (2) a copy of a search warrant is not an "item of factual information” (CPL 200.95 [1] [a]), but rather a tangible document. Moreover, the defense counsel’s request cannot be deemed a "[d]emand to produce” (CPL 240.10 [1]). A demand for a bill of particulars may be made upon a misdemeanor complaint, whereas a demand for discovery (or demand to produce) may only be made upon an accusatory instrument that is in nonhearsay form (see, CPL 240.20 [1]). Since the misdemeanor complaint in the instant case had not *911 been converted to an information at the time of the defendant’s oral request for a copy of the search warrant, the request could not be deemed a "demand to produce”. Moreover a demand to produce must be in writing (see, CPL 240.10 [1]).
Lastly, we must consider whether an oral request for a copy of the search warrant and affidavit in support thereof qualifies as a pretrial motion. This court thinks not. A request for a copy of a search warrant and the affidavit in support thereof, whether redacted or unredacted, is typically a prelude to a possible motion to controvert a search. A defense counsel reviews these documents, usually in redacted form, to determine whether the warrant was issued on probable cause, thereby satisfying the two-pronged Aguilar-Spinelli test. While the motion to controvert a search warrant itself would qualify as an excludable pretrial delay, the mere request for a copy of the search warrant and affidavit in support thereof does not. Moreover, the defendant’s request for copies of these documents in no way impeded the People’s ability to file a corroborating affidavit from Officer Brooks, thereby converting the complaint to an information. The People are charged with preconversion delays, unless consented to or requested by the defendant. (People v Worley, 66 NY2d 523 [1985].) Accordingly, this court finds that the People are chargeable with the entire period from the filing of the accusatory instrument until the filing of the statement of readiness (Nov. 11, 1996 — Feb. 11, 1997) for a period of 91 days.
CPL 30.30 (1) (b) mandates that the People be ready for trial within 90 days of the commencement of a criminal action wherein a defendant has been charged with a misdemeanor punishable by more than 90 days in jail. The second issue presented by this motion is whether the People may permissibly announce or file a statement of readiness for trial on the 91st day when the 90th day falls on a weekend. In the instant case, the 90th day fell on a Sunday, and the People served and filed a statement of readiness the following day, a Monday. The People rely upon the General Construction Law as the basis of their authority to do so. Specifically, the People’s argument is predicated upon their interpretation of General Construction Law § 25-a (1) which reads, in relevant part, as follows: "When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or public holiday, such act may be done the next succeeding business day”.
The People argue that their interpretation of the General Construction Law sanctioning an announcement of readiness *912 on the 91st day in the circumstances of the instant case is supported by case law. In People v Stiles (70 NY2d 765 [1987]), the Court of Appeals applied General Construction Law § 20 to exclude the day of arraignment in computing CPL 30.30 time. That section provides, in essence, that when an act is required to be done within a certain number of days, the day of the specified event should be excluded in the computation of the time period. In addition, the People have cited People v Velasquez (NYLJ, Jan. 17, 1997, at 30, col 4), the only known reported case which invoked General Construction Law § 25-a (1) to permit a timely statement of readiness on the 91st day, when the 90th day had fallen during the weekend.
"The General Construction Law * * * sets forth certain rules for the construction, interpretation, and operation of statutes in general, and specifies the meaning and scope of certain terminology. The act provides that it is applicable to every statute unless its general object, or the context of the language construed, or other provisions of the law, indicate that a different meaning or application was intended from that required to be given by the General Construction Law” (97 NY Jur 2d, Statutes, § 99).
"In interpreting a statute, the intent of the legislature is the controlling or most important factor” (97 NY Jur 2d, Statutes, § 101, citing, inter alia, Matter of State of New York v Ford Motor Co., 74 NY2d 495 [1989]; Matter of Carr v New York State Bd. of Elections, 40 NY2d 556 [1976]; Matter of Albano v Kirby, 36 NY2d 526 [1975]). "[T]he intent of the legislature is to be sought and ascertained from the words and language used or from the language in the act * * * and where statutory language is clear and unambiguous, the court must give effect to the plain meaning of the words” (97 NY Jur 2d, Statutes, § 102, citing, inter alia, Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205 [1976]; Matter of Bolden v Blum, 68 AD2d 600 [3d Dept 1979]).
When the Court of Appeals invoked the General Construction Law in People v Stiles (70 NY2d 765 [1987], supra), the Court did so in the absence of clear guidelines from CPL 30.30. In Stiles (supra), wherein General Construction Law § 20 was applied to exclude the day of arraignment as day one for the purposes of the computation of speedy trial time, the court noted that CPL 30.30 did not set forth whether the first day was to be included or excluded in making the computation. Conversely, in People v Battles (77 AD2d 405 [4th Dept 1980]), the Court based its holding that where a defendant is charged *913 with a felony, speedy trial time is to be calculated in terms of calendar months as opposed to 180 days, on the plain meaning of the statutory wording, citing General Construction Law §§ 30 and 31. The Court noted (at 407): "In drafting the time limits set forth in CPL 30.30, the Legislature specified the time periods in terms of days for violation and misdemeanor criminal offenses (CPL 30.30, subd 1, pars [b], [c], [d]) but in terms of months for felony criminal offenses (CPL 30.30, subd 1, par [a]).” The courts have utilized the principles of legislative intent and the plain meaning of words in resolving issues involving the calculation of time periods in their interpretation of statutory language in nonspeedy trial matters as well. These principles can be extrapolated from case law involving interpretation of days and time contained in other criminal statutes. CPL 170.70 provides that a defendant in custody against whom a misdemeanor complaint is pending must have the complaint converted into an information within five days or be released on his own recognizance, not including Sunday. People ex rel. Neufeld v McMickens (117 AD2d 243 [2d Dept 1986]) involved a habeas corpus proceeding wherein one of the issues was whether or not the day of arraignment should be included in calculating the five-day period within which a misdemeanor complaint must be converted to an information or a defendant released. The Second Department held that since CPL 170.70 was unclear on this question, the application of the rules of construction was warranted, and invoking General Construction Law § 20 found that the day of arraignment should be excluded from the calculation of the five-day period. In a memorandum decision (People ex rel. Neufeld v McMickens, 70 NY2d 763 [1987], revg on dissenting opn of Justice Gibbons at 117 AD2d 243, 247-252), the Court of Appeals held that the statutory language was unambiguous, did not require construction or interpretation and, accordingly, held that the five-day period includes the day custody commences.
Uniformly, analysis of the case law supports the premise that the General Construction Law should only be applied when a statute fails to set forth clear guidelines, is silent on a particular facet, or is ambiguous in its wording. In the case of CPL 30.30 (1) (b), which explicitly mandates a 90-day period, and makes no mention of exemptions of weekends or holidays, invocation of the General Construction Law contradicts the legislative intent. Furthermore, General Construction Law § 101 states that the General Construction Law should "not be construed to amend, repeal or otherwise affect any provision of *914 the penal law, civil practice law and rules or criminal procedure law unless expressly stated.” To permit a statement of readiness for trial to be made or filed on the 91st day, when the 90th day falls on a weekend, would be tantamount to an amendment of CPL 30.30 (1) (b).
This court notes parenthetically that unlike the customarily closed and shuttered Supreme and Civil Courts of our city, there are many functions that are performed in a variety of criminal cases on weekend days and nights in the various criminal courts of this city wherein there may be found representatives of the District Attorney’s office, the Legal Aid Society and the Clerks of the Court. On weekends defendants are arraigned, pleas are taken, bail is set, bail source hearings are conducted, sureties are examined, warrants are vacated, sentences are executed, preliminary hearings are held, and prosecutors announce the results of Grand Jury action for the purposes of CPL 180.80. The criminal court is clearly in session unlike a Civil or Supreme Court. People v Kendzia (64 NY2d 331, 337) sets forth a secondary method of communicating the People’s readiness for trial, i.e., "a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record”. The People could have served their statement of readiness upon the Clerk of the Court on a weekend day or night.
In conclusion, the defendant’s oral request for a copy of the underlying search warrant and supporting affidavit does not fall within the ambit of any of the excludable pretrial delays delineated in CPL 30.30 (4). Furthermore, statutes should be strictly construed, and invoking the General Construction Law for purposes of statutory interpretation is contrary to the legislative intent, in instances such as CPL 30.30 (1) (b), which explicitly mandates a 90-day statutory period.
Accordingly, the defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30 (1) (b) is granted.